[Crim. No. 1096. First Appellate District, Division Two.—October 1, 1923.]

## THE PEOPLE, Respondent, v. CLINTON SANDERS, Appellant.

[1] CRIMINAL LAW — ORDER REVOKING PROBATION — DISCRETION — APPEAL—EVIDENCE.—On this appeal from an order made in a criminal proceeding revoking the defendant's probation, the record contains sufficient admissible evidence to warrant the order so made, and there was no abuse of discretion on the part of the trial court in doing so.

[2] ID.—PROBATION—DISCRETION—APPEAL.—The only question arising in an appeal from an order of the trial court revoking probation under section 1203 of the Penal Code is as to whether or not the court abused its discretion.

[3] ID.—NOTICE OF HEARING — SUFFICIENCY OF. — On such an appeal, the defendant cannot successfully urge that he was not properly served with notice of the hearing of the motion to revoke his probation, where no provision for any form of notice is made by statute, and the defendant was personally present in court and also represented by counsel not only at the first hearing but upon two subsequent dates to which the hearing was continued.

APPEAL from an order of the Superior Court of the City and County of San Francisco revoking probation. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

,Walter F. Lynch and Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal from an order of the superior court of the city and county of San Francisco granting a motion to revoke and terminate defendant's probation. Appellant was accused by information of the crime of grand larceny committed in December, 1921. He was convicted on January 26, 1922, and on February 24, 1922, the court granted him probation for a period of three years and ordered that he return to his home in Oklahoma City, Mississippi, and report to the probation officer weekly by letter.

On October 10, 1922, a motion of the probation officer to revoke and terminate the probation came on for hearing. After several continuances granted at the request of the defendant, the motion of the probation officer was granted.

Appellant objects to the action of the trial court upon the ground that at the hearing on the motion of the probation officer hearsay testimony was admitted, and that defendant was not properly served with notice of said hearing.

Apart from any hearsay evidence which appears in the record, there were proven sufficient facts by unimpeachable evidence to warrant the exercise of the discretion of the court in revoking the probation. They are: The defendant did not go to his home in Mississippi, as he was directed to do upon the granting of the probation. Instead, according to his own testimony, he went to Modesto, California, where he remained a few days, and then went to Sacramento, and from there to Bakersfield, where he was arrested on the charge of forgery. According to his own testimony he was not guilty of this charge, but was associated with a man who was guilty of the crime. He was confined in the county jail for several months, and when he was released he returned to San Francisco. Here defendant obtained funds from a hotel-keeper upon defendant's check, which was returned unpaid because defendant had no account at the bank upon which it was drawn. Defendant then purchased a phonograph, giving in payment therefor a check upon an out-of-town bank, which, it was ascertained by telegraphing to said bank, was of no value because defendant had no funds

in said bank. The day after purchasing the phonograph defendant went to an auction house and sold the same, representing it to be his property, and secured seventy-five dollars therefor. Before the phonograph could be delivered the company from which it had been purchased ascertained by telegraph that the check given in payment therefor was of no value and reclaimed their property. The auctioner then caused defendant's arrest upon the charge of obtaining money under false pretenses. At the time of his arrest defendant was in an intoxicated condition, according to the arresting officer, and had been driven to his hotel in a taxicab. He stated to the arresting officer that he had spent in one day the seventy-five dollars which he had received for the phonograph.

There are many other matters in the record which indicate, either directly or by inference, that the appellant, at the time of the revocation of his parole, had not been conducting himself in a manner expected and required of one upon probation.

[1] It is apparent from the foregoing that the trial court did not abuse its discretion in revoking appellant's probation, and that the record contains sufficient admissible evidence to warrant the action taken. [2] The only question arising in an appeal from an order of the trial court revoking probation under section 1203 of the Penal Code is as to whether or not the court abused its discretion. (*People* v. *Sapienzo,* 60 Cal. App. 626 [213 Pac. 274].)

[3] The only other question presented is with reference to the service of notice upon defendant. Section 1203 of the Penal Code, subsection c, provides that at any time during the probationary period of the person released on probation any probation officer may, without warrant, or other process, at any time until the final disposition of the case, rearrest any person so placed in his care and bring him into the court, or the court may, in its discretion, issue a warrant for the rearrest of any such person and may thereupon revoke and terminate such probation if the interest of justice so requires, and if the court shall have reason to believe, from the report of the probation officer or otherwise, that the person so placed upon probation is violating the conditions of his probation, or engaged in criminal practices,

or has become abandoned to improper associates or a vicious life.

We find no provision for any form of notice to a defendant of a hearing of a motion to revoke his probation. In this case the defendant was arrested charged with a crime. While that matter was pending defendant was brought before the court upon motion of the probation officer for revocation of his parole. He was personally present in court and also represented by counsel not only at the first hearing but upon the two subsequent dates to which the hearing was continued. The showing made by the probation officer that defendant had violated his parole by not returning to his home in Mississippi and by not reporting to the probation officer was sufficient to justify the order made.

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 28, 1923.