[Crim. No. 3364.   Second Appellate District, Division Two.—
December 24, 1940.]

THE PEOPLE, Respondent, v. PAUL HUNTER, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

MOORE, P. J.—By information, appellant was accused of four counts of grand theft, by taking from one Phillip Brenion the sum of $150 (count 1); by taking his Chevrolet car of a value in excess of $200 (count 2); by taking a Durant automobile from Brenion (count 3); and by taking the sum of $700 from one F. A. Blount and his wife (count 4). After a

trial by the court ending April 23, 1929, defendant was found guilty on all counts but the third.

May 9, 1929, proceedings were suspended and defendant was placed on probation for five years on condition that he serve four months at the county road camp and abide by the rules prescribed by the probation department. May 9, 1932, defendant was arraigned for violation of his probation and his period of probation was at that time extended ''for an additional five years from May 9, 1934.'' May 1, 1939, by an *ex parte* order, the probation was revoked and a bench warrant was issued for the arrest of defendant. After a hearing on the ''violation of probation'' April 8, 1940, he was sentenced to the State Prison at San Quentin on the three counts, the sentences to run concurrently.

He appeals on the grounds: (1) That the evidence was insufficient to constitute a felony in either case, and (2) that the court was without jurisdiction to revoke defendant's probation.

In October, 1928, defendant and another were operating a business of selling used cars in the city of Santa Monica under the firm name of Crescent Marmon Motors Company. In order to purchase a Durant car on display in the show room of the Crescent Marmon Motors Company, Brenion delivered his Chevrolet car to and paid defendant the sum of $950. At the time of making said transaction, defendant stated to Brenion: (1) That the Durant selected by Brenion was a repossessed car; (2) that its title was in the Commercial Credit Company; (3) that appellant was selling it as the agent for said company; (4) that he would get the pink slip from said company in about two weeks from Sacramento; and (5) that the title was clear.

The truth was that appellant and his partner owned an equity in the Durant while the Commercial Credit Company held its legal title as security for the obligation of the Crescent Marmon Motors Company. Instead of delivering the $950 to the Credit Company, appellant deposited the money in the checking account of the Crescent Marmon Motors Company.

Upon the discovery of the absence of the Durant car from the show room of defendant, efforts were made by the Credit Company to cause defendant to pay its claim. Such efforts having failed, the creditor company caused the car to be repossessed by lawful authority. These facts are sufficient, if believed by the court, to support the findings that the defend-

ant had made false statements of material facts to Brenion for the purpose of gaining possession of his money and his Chevrolet car; that the statements were made with a fraudulent intent; that at the time of receiving the money and property of Brenion, defendant harbored the secret purpose of withholding the money from the Commercial Credit Company and of converting the money and the car to his own personal use; that he did convert the money to his own use by placing it in the checking account of his firm and by appropriating the car; that he had no intention of giving anything to Brenion in return for his money or for his car.

These findings support the contention that where one obtains possession of a thing of value from another upon the representation that it is to be used for a designated purpose and the statement is false, the victim of such representation is not thereby deprived of the title to his property. (*People* v. *Solomon,* 75 Cal. App. 9 [241 Pac. 931].) It follows that if at the time of gaining possession of property by means of such fraudulent statements, the defendant cherished a secret purpose of converting the property to his own use and did so, he was guilty of theft. (*People* v. *Delbos,* 146 Cal. 734 [81 Pac. 131]; *People* v. *Edwards,* 72 Cal. App. 102 [236 Pac. 944].) Theft includes the act of defrauding another of his property by means of fraudulent representations. (Pen. Code, sec. 484.) If at the time of receiving the money and the Chevrolet car, defendant had no intention of delivering a clear title to the Durant car, he was guilty of larceny and his intention was a fact to be determined by the trial court. (*People* v. *Sing,* 42 Cal. App. 385 [183 Pac. 865].)

The factual background of count 4 is as follows: F. A. Blount purchased a new Durant automobile from defendant's firm to whom he delivered his check in the sum of $675. Defendant did not disclose to Blount that there was a lien of any kind upon the automobile but the purchaser was assured that the pink slip would come from Sacramento in about two weeks. The truth was that the Pacific Finance Corporation held the legal title to the same Durant automobile as security upon a conditional sales contract. The car had originally been sold by defendant to a patron and repossessed. On October 16, 1928, a week after the car had been sold to Blount, defendant made a payment of $39.16 on the car and on the 17th of November made a similar payment. No other sums were ever paid on the contract. January 29th the corporation re-

possessed the car. Thus defendant had Blount's money and the latter had no car.

These facts, under the principles above announced, were sufficient to warrant the finding and judgment that the defendant had fraudulently taken the money from Mr. Blount without any intention of giving anything of value therefor.

■ The contention that the court had no jurisdiction to revoke defendant's probation is without merit. He was legally convicted in 1929 on three counts of grand theft. Proceedings were suspended for the purpose of enabling defendant to avoid imprisonment and he was placed on probation for a period of five years. Having violated the terms of his probation, the court, in the exercise of its authority on May 9, 1932, extended the period of his probation for an additional five years making the term of probation expire May 9, 1939. Prior to the expiration of the extended term, to wit, on May 1, 1939, upon the report of the probation officer and by reason of defendant's violation of the rules of the probation department, the court revoked the probation of defendant and issued a bench warrant for his arrest.

Upon a finding by the court that the defendant had made no restitution and was living with a woman not his wife, the court sentenced him for a term in prison upon three counts upon which he was convicted in 1929. This proceeding is authorized by the broad powers of section 1203.2 of the Penal Code. ■ The authority to revoke a prisoner's probation does not even depend upon his violation of the specific conditions of the probation. The order suspending his sentence may be set aside if the court has reason to believe from the report of the probation officer or otherwise that he is associating with lawless or improper persons or that he is engaged in criminal practices. (*In re Young,* 121 Cal. App. 711 [10 Pac. (2d) 154]; *People* v. *Fields,* 131 Cal. App. 56 [20 Pac. (2d) 988].) ■ Upon the revocation of his probation, defendant stood before the court guilty of his crimes: He had failed to re-establish himself as a worthy citizen of the state. It was the duty of the court to sentence him to a penal institution. The fact that defendant was committed at a time subsequent to the expiration of the period of his probation is immaterial. ■ His probation had been revoked prior to the expiration of the probationary term. The court having found no reason to vacate the order of revocation, it was valid notwithstanding the fact that appellant was not

present at the time of its entry on May 1, 1939.  (*Sullivan* v. *Superior Court*, 185 Cal. 133, 139 [195 Pac. 1061].)  We see no reason to interfere with the exercise of its discretion by the trial court.

The judgment and the order are affirmed.

McComb, J., and Wood, J., concurred.