ices performed subsequent to the rendition of the judgment. The more recent case of *Andrade* v. *Newhouse,* 54 Cal.App.2d 339 [128 P.2d 927], does not, in my opinion, determine that question.

Respondent's petition for a hearing by the Supreme Court was denied October 25, 1943. Schauer, J., voted for a hearing.

[Crim. No. 3713.   Second Dist., Div. One.   Aug. 28, 1943.]

THE PEOPLE, Respondent, v. CHARLES PAUL TIBBITS, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, and Elizabeth Palmer, Deputy Attorney General, for Respondent.

YORK, P. J.—This is an appeal from a judgment ordered into execution after a revocation of probation.

By an information filed by the District Attorney of Los Angeles County, appellant was charged in Count I thereof with the crime of forgery, committed on or about January 2, 1932, and in Count II with the crime of burglary, connected in its commission with the charge set forth in Count I. Appellant entered a plea of "not guilty" to both counts, and when the case came on for hearing on November 16, 1933, by leave of court appellant withdrew his plea of "not guilty" and entered a plea of "guilty" to the offense charged in Count II of the information, which was stipulated to be burglary in the second degree, and orally applied for probation.

Thereafter, on December 14, 1933, appellant was sentenced to state prison for the term prescribed by law, the execution of sentence was suspended, and probation was granted for a period of two years under the following conditions: ". . . defendant shall serve six full months less eighty-five days of his probationary period at the county road camp. Defendant must make full restitution through Probation Department." Count I of the information was dismissed.

On September 27, 1934, the court issued a bench warrant for appellant and revoked and terminated his probation in the absence of appellant, the court having found that appellant had violated the terms of his probation in that he was "a deserter from the probation office and had failed to make any restitution."

In the meantime, in August of 1939, appellant was convicted of burglary at Modesto, California, was sentenced to state prison and was thereafter paroled.

On March 1, 1943, the court ordered the sentence of December 14, 1933, committing appellant to the state prison for the term prescribed by law, to be placed in full force and effect, and appellant was remanded to the sheriff.

Appellant here urges that "The order of March 1, 1943, was null and void; the defendant having been ordered committed on September 27, 1934, and having thereafter been delivered to the warden of the state prison at San Quentin for the term prescribed by law (for the Modesto burglary)

was entitled to have his time run on that commitment from the date on which he was originally committed to San Quentin, and the trial court on March 1, 1943, was without jurisdiction . . . after defendant was released from San Quentin to bring him back here again and recommit him. Such procedure in effect constitutes double punishment, and therefore is within the prohibition of the double jeopardy section of the Constitution of California, (Art. I) section 13.''

■ While section 1215 of the Penal Code provides, as pointed out by appellant, that where ''probation has been terminated . . . and the suspension of sentence, or of the execution revoked, and the judgment pronounced, the defendant must forthwith be committed to the custody of the proper officer and be detained until the judgment be complied with''; there is nothing in the record to indicate that the judgment of December 14, 1933, which was suspended and ordered into effect on September 27, 1934, could have been complied with until March 1, 1943. In other words, a defendant cannot be so committed into the custody of the proper officer until he has been apprehended.

Section 1216 of the Penal Code provides that ''If the judgment is for imprisonment in the state prison, the sheriff of the county must, upon receipt of a certified copy thereof, take and deliver the defendant to the warden of the state prison. He must also deliver to the warden the certified copy of the judgment and take from the warden a receipt for the defendant.'' In the instant prosecution, appellant was delivered to the warden of the state prison and served his sentence therein, until paroled, in reparation for the crime he committed in Modesto, but he has not paid his debt to society for the commission of the burglary in Los Angeles County, on account of which he was granted probation and his sentence suspended. It is clear from the record that on September 27, 1934, the court in the absence of appellant revoked his probation because he had violated the terms thereof, whereupon the court issued a bench warrant for appellant's apprehension. It must be assumed that appellant was not apprehended until March 1, 1943, when the trial court in the presence of appellant ordered the sentence of December 14, 1933, to be in full force and effect. ■ Incidentally, the fact that appellant was absent at the time his probation was revoked, does not render the order revoking probation invalid. (*People* v. *Hunter,* 42 Cal.App.2d 87, 91 [108 P.2d 472].)

Appellant's contention that the procedure herein constitutes double jeopardy within the meaning of section 13, article I of the Constitution of California, providing "No person shall be twice put in jeopardy for the same offense," cannot be sustained, because the constitutional guaranty relating to once in jeopardy "has no application to the service of a sentence, but applies only to twice being put on *trial* for the same offense." (*In re Wilson,* 196 Cal. 515, 524 [238 P. 359].)

Whatever time is to be deducted for previous incarcerations of appellant in the county jail or in San Quentin is a matter to be determined by the Board of Prison Terms and Paroles, and not by the court.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.