[Crim. No. 1888. Third Dist. Nov. 25, 1944.]

In re EDDIE COOK, on Habeas Corpus.

Harold Wyatt for Petitioner.

A. C. Tope, City Attorney (Stockton), and H. C. Stanley, Assistant City Attorney, for Respondent.

PEEK, J.—The defendant's petition for a writ of habeas corpus is the outgrowth of an order of the Police Court of the City of Stockton, revoking a suspension of sentence previously entered by that court. The original judgment, a copy of which is attached to the petition herein, discloses that on May 29, 1944, the defendant was convicted of intoxication and sentenced to a term of 150 days, which sentence was

suspended on good behavior for two years. Thereafter on the 21st day of August, 1944, the suspension was revoked and defendant was remanded to the custody of the sheriff.

Defendant is the operator of a hotel in the city of Stockton. On August 19, during the time the suspended sentence was in force and effect, he was arrested in his own home on a warrant issued pursuant to a complaint (which was subsequently dismissed) charging him with two violations of the Health and Safety Code. On August 21, he appeared in court to answer said charges and entered a plea of not guilty. At the conclusion of the hearing one of the arresting officers who had not been sworn as a witness arose and stated to the court that the defendant was drunk when arrested. The judge immediately replied: "Revoke the order of suspension." The defendant was neither questioned concerning such charge nor was he given an opportunity to reply thereto, but was forthwith remanded to the sheriff pursuant to the order of revocation. Petitioner testified in this court, in support of his petition, that he was not represented by counsel at the time his suspended sentence was revoked; that he was given no opportunity of replying to the charge made against him by the arresting officer; that the matter was disposed of so quickly and during the usual morning confusion in a police court that the defendant did not know the effect of such order until subsequent matters were being considered by the court.

In support of his petition defendant cites no California case but relies upon the annotation appearing in 54 A.L.R. at page 1471, and the cases therein cited, where it is said:

"In nearly every jurisdiction wherein the question has been raised, it has been held that a convicted defendant released under a suspended sentence, is entitled to notice and a hearing on the issue whether he has broken the conditions of the suspension of sentence, before the suspension may be revoked." (Citing cases.)

The respondent in its return to the application for the writ argues, as it also did in the hearing before this court, upon the authority of *In re Giannini* (1912), 18 Cal.App. 166 [122 P. 831], that the discretionary power of the court to revoke a suspension of sentence may be exercised for any cause which to the court is good and sufficient.

It is to be noted that in the Giannini case the chief contention was that the power of the court to suspend sentence or to revoke probation and execute the original sentence

cannot extend beyond the period of the sentence, and as more than 90 days [the original sentence] had elapsed between the date of the sentence and the issuance of the commitment, the court no longer possessed the power to direct the commitment of the defendant. No question relating to notice or hearing of the matter, or the source, manner or degree of proof necessary to sustain the revocation was before the court. It is therefore readily seen that the case so relied upon by the city attorney is not in point with the question herein presented.

Respondent further contends that section 1203.2 of the Penal Code, added by Statutes of 1935, page 709, gives to a court the power to revoke a suspension in the manner set forth in defendant's petition herein. The section cited is as follows:

''At any time during the probationary period of the person released on probation in accordance with the provisions of these sections, any probation or peace officer may without warrant, or other process, at any time until the final disposition of the case, re-arrest any person so placed on probation . . ., and bring him before the court, or the court may in its discretion issue a warrant for the re-arrest of any such person and may thereupon revoke and terminate such probation, if the interests of justice so require, and if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is violating any of the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates or a vicious life. . . .''

Counsel for respondent likewise have cited no case (nor has our search disclosed any) decided in this state directly in point with the issue here presented. However, it is our opinion that the rule enunciated by this court in the case of *In re Young* (1932), 121 Cal.App. 711 [10 P.2d 154], is controlling. The facts in that case are quite similar to those presented herein. A defendant was sentenced to imprisonment in the county jail, which sentence was suspended and he was released upon probation. Shortly thereafter he was re-arrested and taken before a justice of the peace who, after an informal hearing, revoked his probation. The defendant then petitioned this court for a writ of habeas corpus, asserting that a revocation of a suspended sentence without the privilege of trial violated the constitutional prohibition against depriving one of his liberty without due process of law. It was held that

under subdivision 2 of section 1203, a defendant is not entitled to a jury trial or other formal hearing upon a revocation, and that any informality in the procedure followed by a justice's court was waived by the defendant's failure to object thereto "when he was taken before the court for the purpose of revoking his probation."

By stipulation it was admitted by counsel herein that the defendant was neither before the court in response to an order to show cause why his suspended sentence should not be revoked, nor was he at the time of the suspension before the court by reason of any violation of the terms of his probation. The revocation of the suspension was purely a summary response to the voluntary statement of a police officer that the defendant was drunk at the time of his arrest for the alleged violation of certain provisions of the Health and Safety Code.

However, respondent argues that even though it be true that no notice of hearing was given defendant nor was there any hearing upon the question of grounds for the revocation of his suspended sentence, the order of revocation was a valid order and proper under the circumstances. ▋ In this regard it is contended that any restriction which might be placed upon acts of the court under section 1203.2 by use of the words "in its discretion" is removed by the subsequent use of the phrase "or otherwise."

The ultimate effect of such a contention is to argue that the discretion to be exercised by a court in revoking a suspended sentence becomes immaterial by the use of the additional words "or otherwise." With such contention we cannot agree.

▋ The procedure for revocation of probation is wisely made informal. The statute neither contemplates trial by jury nor a formal hearing upon such issue. Likewise it does not contemplate that the unfitness of a defendant to enjoy the liberty of a suspended sentence must be established beyond a reasonable doubt. (*In re Young, supra.*) However, this court in that case did not say that because of such informality suspension of sentence might be revoked without any hearing whatsoever.

▋ It long has been the rule in this state that when discretionary power is conferred upon the courts "the discretion intended . . . is not a capricious or arbitrary discretion, but an impartial discretion guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be

exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in the manner to subserve and not to impede or defeat the ends of substantial justice." *(Bailey* v. *Taaffe,* 29 Cal. 422, 423, 424.) The rule so stated has been applied with clarity to the discretion to be exercised by a court in the granting or denying of probation under section 1203. *(People* v. *Jones* (1927), 87 Cal.App. 482 [262 P. 361].) If the rule is applicable to the discretion to be exercised by a court in passing upon an application for probation it logically follows that such rule is likewise applicable to the discretion exercised by a court in revoking probation or a suspended sentence already granted. If this were not so a "discretion, guided and controlled in its exercise by fixed legal principles . . . in conformity with the spirit of the law . . . to subserve . . . the ends of substantial justice," would be meaningless. In other words, under respondent's contention it would be possible to substitute for such discretion, whim, caprice, mistake, rumor, or even downright malice. It cannot be said that such was the intention of the Legislature.

Our disposition of the issue so raised finds conclusive support in the case of *People* v. *Sanders* (1923), 64 Cal.App. 1 [220 P. 24], where the court, in passing on an appeal from an order of the superior court granting a motion to revoke the defendant's probation, said: ". . . there were proven sufficient facts by unimpeachable evidence to warrant the exercise of the discretion of the court in revoking the probation." Further amplification of this statement is found in the additional observation of the court that "the record contains sufficient admissible evidence to warrant the action taken." (See, also, *People* v. *Lippner* (1933), 219 Cal. 395 [26 P.2d 457].)

On principle it would seem to be only proper and just that under the provisions of section 1203.2 notice and an opportunity to be heard should be granted a defendant before a suspended sentence or probation could be revoked. Particularly is this true when such an issue is purely a question of fact. The order of suspension herein specifically provided that the sentence was "suspended on good behavior two (2) years." Whether or not petitioner's behavior was bad obviously involves a question of fact.

Nor do the words "or otherwise" as used in section 1203.2 lend support to respondent's argument. Said section requires, as a basis for revocation of probation, that any pro-

bation or peace officer may, without warrant or other process, at any time prior to the final disposition of the case, re-arrest the probationer and bring him before the court, or the court may in its discretion, issue a warrant for his re-arrest and thereupon revoke and terminate the probation if the interests of justice so require and if the court in its judgment shall have reason to believe from the report of the probation officer "or otherwise" that the person so placed upon probation is violating any of the conditions of his probation. As used in such a statute the words "or otherwise" become a relative term. ■■■ When so used as a general phrase following the enumeration of particular things, such words are usually interpreted in a restricted sense as referring to things or matters of the same kind [*ejusdem generis*] as those specifically enumerated.

■■■ Therefore as used in said section the phrase "or otherwise" must refer to a showing comparable to or of equal solemnity with a report of a probation officer or a showing that the ends of justice require the intervention of the court or that the court in its judgment has reason to believe the facts disclosed by such sources. Again the plain inference of the wording of the section is not that the belief of the court may be predicated upon some ethereal supposition but that it is a reasonable belief predicated upon a sufficient factual presentation. (*People* v. *Sanders, supra.*)

■■■ In the present case the fundamental requirements are missing. No showing was made by a probation officer; no warrant for the re-arrest was issued; no order to show cause was issued nor was there any showing that the interests of justice required a revocation. In other words no fact whatsoever was before the court upon which it could exercise its discretion. Under such circumstances to take from a defendant his right to liberty, which was granted him by the suspension, without an opportunity to be heard is repugnant to fundamental principles of law and justice.

As we have previously stated, although no particular source, manner or degree of proof is required by the statute, still a judge or justice having jurisdiction of such a cause must have some factual basis upon which to predicate the exercise of his discretion. And even though the matter be presented in an informal fashion, nevertheless sufficient evidence must be adduced from which the court may conclude that the pro-

bationer has violated the terms of his probation or is an unfit person to be allowed his liberty.

For the foregoing reasons the writ is granted and the petitioner discharged.

Thompson, J., and Adams, P. J., concurred.