[Crim. No. 3961.   Second Dist., Div. One.   May 31, 1946.]

THE PEOPLE, Respondent, v. ALLEN G. SCOTT, Appellant.

Morris Lavine for Appellant.

Robert W. Kenny, Attorney General, and Robert S. Morris, Jr., Deputy Attorney General, for Respondent.

WHITE, J.—By an information filed by the District Attorney of Los Angeles County on July 9, 1926, the defendant was charged in five counts with the crime of making, drawing, uttering and delivering a check upon a bank without having sufficient money or credit in said bank to pay the same when presented for payment, a felony.

At the time of his arraignment, the defendant entered pleas of "guilty as charged in counts I and II of the information" and "not guilty as to counts III, IV and V."   On July 19,

1926, defendant was arraigned for judgment and sentenced to imprisonment in the county jail for one year on each of counts I and II to which he had pleaded guilty. Counts III, IV and V of the information were thereupon ordered off calendar.

On April 29, 1927, the defendant and his counsel appeared in court, at which time counts III, IV and V were ordered restored to the calendar. Upon that occasion, by leave of court, the defendant, represented by counsel, withdrew his former plea as to count III, entered a plea of guilty thereto, and waived time for sentence, whereupon judgment was pronounced sentencing him to imprisonment in the state prison for the term prescribed by law. Execution of the sentence was suspended and defendant was placed on probation for ten years. Counts IV and V of the information were thereupon dismissed.

On January 28, 1929, in the absence of the defendant, representations were made to the court that defendant had violated the terms of his probation, whereupon a bench warrant was ordered issued and a hearing on violation of probation was set for February 20, 1929. Upon this date the court made an order revoking the probation theretofore granted to the defendant and issued a bench warrant for his apprehension. On March 22, 1945, the defendant, having been apprehended, appeared in court with his counsel, at which time the court made an order that "probation having been heretofore revoked, defendant is remanded into the custody of the sheriff for execution of sentence heretofore imposed on April 29, 1927, committing this defendant to the state prison of the State of California at San Quentin for the term prescribed by law." Thereupon the defendant gave notice of appeal "from the judgment and order after judgment in the above entitled case."

As grounds for reversal appellant contends (1) the original judgment is void; (2) the order after judgment revoking probation is void; (3) the proceedings had upon the order revoking probation are void; (4) the time within which the judgment could be put into force and effect had expired.

Appellant's first contention, that the judgment is void, is predicated upon the claim that he was not accorded a speedy prosecution of the charge against him to which he was entitled under article I, section 13 of our state Constitution, and that the proceedings were not had within the time provided in subdivision 2 of section 1382 of the Penal Code.

This contention cannot be sustained. The right guaranteed by the aforesaid constitutional and code provisions is one which may be waived. In the instant case the record reflects that no objection whatever was made to the proceedings had in the superior court. What was said by our Supreme Court in the case of *People* v. *Newell,* 192 Cal. 659, 669 [221 P. 622], is determinative of the question with which we are here confronted. In the cited case we find the following:

"First as to the trial: It is shown by the clerk's transcript on appeal that the information herein was filed on February 1, 1922, and that the trial opened on June 14, 1922—134 days after the filing of the information. But there is no showing anywhere that the relief afforded by subdivision 2, section 1382 of the Penal Code, was sought in the superior court. The application must be made, in the first instance, in the court where the prosecution is pending (*Ex parte Fennessy,* 54 Cal. 101), and if the application is not made therein before the trial is begun the right is waived (*People* v. *Hawkins,* 127 Cal. 372, 374 [59 P. 697])."

It must therefore be held that appellant waived the benefit of the constitutional and statutory provisions by failure to claim it in proper season. (*Ex parte Apakean,* 63 Cal.App. 438, 440 [218 P. 767].)

■ The order made after judgment on February 20, 1929, revoking probation, was not void because the defendant was not present. His presence was not required as a necessary prerequisite to the court's revocation of the theretofore extended privilege of probation. The court may revoke the probation at any time during the probationary term (*People* v. *Williams,* 24 Cal.2d 848, 853 [151 P.2d 244]; *People* v. *Hunter,* 42 Cal.App.2d 87, 91 [108 P.2d 472]). The court's action in revoking probation did not amount to a final disposition of the case, which occurs only when judgment is pronounced, and while generally judgment must be pronounced in the presence of the defendant, it may, under certain conditions, be imposed in his absence (Pen. Code, § 1193). In the instant case, however, the defendant was present when the judgment was pronounced. All that the court did in the order under attack was to revoke the probation and issue a bench warrant for the arrest of the defendant. This the court had a right to do in his absence during the term of the probation.

■ Appellant's fourth claim, that the time within which the judgment could be put into force and effect had expired, is equally without merit. Appellant presents no authority in

support of his contention, nor do we find any holding that there is a statute of limitations upon the execution of a valid and unsatisfied judgment. There was a legal subsisting judgment, unexecuted, against appellant on March 22, 1945, when he was remanded to the custody of the sheriff for execution of the sentence imposed on April 29, 1927, committing him to the state prison for the term prescribed by law. Appellant accepted the benefits of the order suspending execution of the sentence and placing him on probation. The judgment being a valid one, and the sentence imposed thereby remaining unserved, the remanding of the defendant for execution of such judgment was legal and valid (*In re Collins,* 8 Cal.App. 367, 371 [97 P. 188]).

The judgment and "order after judgment" are, and each is, affirmed.

York, P. J., and Doran, J., concurred.