[Crim. No. 4222. Second Dist., Div. One. Oct. 15, 1948.]

THE PEOPLE, Respondent, v. HERBERT FIELDS, Appellant.

William Ellis Lady for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendant was charged by information in three counts with (1) grand theft of an automobile; (2) taking the same automobile without the consent of the owner in violation of section 503 of the Vehicle Code, and (3) with grand theft of the automobile tires on the same car.

Defendant was adjudged guilty of Count I, to wit, the theft of the car, and not guilty of the other counts. Permission was granted to file an application for probation. At the hearing on the application on April 26, 1945, the defendant was arraigned for judgment and asked, "Is there any legal cause why sentence should not be pronounced?" to which defendant's counsel replied, "No." No judgment was pronounced; the matter was disposed of as follows: "Proceedings are suspended and the defendant is placed on probation for a period of five years, on condition that the first eight months be spent in the custody of the Sheriff, with good time allowed, if earned, and the road camp recommended, and that he follow such other requirements as the Probation Department shall set up for him. The other two counts are dismissed." On August 9, 1945, the order was modified and the defendant released from custody to remain on probation for five years. On December 23, 1947, the above order was revoked, at which time the defendant, who was present in court without counsel, was sentenced. There was no arraignment for judgment; the trial judge merely stated, "The defendant is now sentenced to the State Prison for the term prescribed by law, and is now committed into the custody of the Sheriff for transportation to the Warden and execution of the judgment. Chino is recommended. This sentence will run concurrently with the one in the County Jail he is now serving."

It is contended on appeal that, "since the Court found defendant not guilty of a violation of Section 503 of the Vehicle Code, it could not find defendant guilty of grand theft as charged in Count I"; the same argument is applied to the not guilty judgment as to Count III. It is also urged that inasmuch as "The evidence was held to be insufficient to support a violation of section 503 of the Vehicle Code" and the offense alleged in Count III, therefore "the evidence was in-

sufficient to support the charge of grand theft alleged in Count I.''

Appellant's argument in substance is based on the fact, which is not disputed, that the three alleged offenses are related to the same incident, that is that all three offenses involve the same automobile. The car was stolen by defendant and later parked in the rear of a building where it was ''jacked up'' and the wheels and tires removed. Count III related to the alleged theft of wheels and tires.

■ Appellant's argument is purely specious. The test as to the sufficiency of the evidence to support the judgment does not apply as appellant argues. Where, as here, three counts arising out of the same transaction are alleged and the defendant is adjudged guilty as to one and not guilty as to the other two, a defendant cannot be heard to complain because of the not guilty judgments. The sole question involved is whether the evidence is sufficient to support the judgment of guilty as to the one count; whether it is sufficient or would have been sufficient to support a judgment of guilty of either or both of the other counts is beside the issue. The not guilty judgments of the two counts in no way affect the validity of the guilty judgment as to the other. The question is too well settled to require citation of authority. A review of the record herein reveals the evidence sufficient to support the judgment.

■ Appellant in conclusion also urges that, ''There is another point that we might have set forth above, and so as to bring it to the attention of the Court we make mention thereof in the conclusion hereof, and that is the question of the defendant not being represented by counsel at the time of the hearing on the proceeding instituted by the District Attorney to revoke the probation granted defendant.''

Respondent in reply cites *People* v. *Blankenship*, 16 Cal. App.2d 606 [61 P.2d 352] ; other cases that are not in point for the reasons hereinafter noted are also cited. In the Blankenship case the order revoking the suspension of the judgment was made and entered in the absence of the defendant and defendant's counsel. It was there held in substance that probation relates to clemency and that a defendant in a criminal action is not entitled to clemency as a matter of ''right''; nor is probation a matter of ''right.'' The order revoking probation therefore, in the circumstances therein presented, was upheld. But the facts in the Blankenship case and the facts as revealed by the record in the within action are

entirely different in a vital particular. In the Blankenship case the judgment *had been duly pronounced,* then ordered suspended and the defendant placed on probation. In the within action the judgment was not pronounced until after the alleged violation of probation had occurred. Although, as heretofore noted, the within defendant had been arraigned for judgment, no judgment was at that time pronounced. When the defendant was cited for the alleged violation, sentence was pronounced as quoted above, at which time defendant was not represented by counsel.

■ The Constitution, article I, section 13, provides that, ''In criminal prosecutions . . . the party accused shall have the right to appear and defend, in person and with counsel.'' Inasmuch as the arraignment for judgment and pronouncing of judgment are clearly a phase of ''criminal prosecutions,'' the defendant herein was denied that constitutional right.

■ Probation proceedings are no part of ''prosecutions''; actually they represent the opposite. ■ Probation is not punishment in any sense; on the contrary probation avoids punishment. And as held the Blankenship case in effect, when the judgment has been duly pronounced before the order granting probation is entered, such order may be revoked without notice and the defendant ordered committed pursuant to the judgment. The defendant in such circumstances need not be present and the defendant's absence would not affect the validity of the commitment. ■ In the within action judgment was pronounced without arraignment for judgment and in the absence of defendant's counsel which was error.

For the foregoing reasons the judgment is reversed and the cause remanded, but for the purpose of rearraigning the defendant for judgment and the pronouncing of judgment only.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 9, 1948.