[Crim. No. 674. Fourth Dist. July 15, 1949.]

In re CLINTON ERNEST WALDEN, on Habeas Corpus.

Fred N. Howser, Attorney General, Kent C. Rogers, Deputy Attorney General, Jerome B. Kavanaugh, District Attorney, and Dan J. Cowett, Deputy District Attorney, for Appellant.

BARNARD, P. J.—This is an appeal from an order granting a petition for a writ of habeas corpus and discharging the petitioner.

The petitioner was found guilty of manslaughter, a misdemeanor, without gross negligence. On January 10, 1947, his application for probation was granted and he was released upon the conditions that he violate no laws, that he refrain from the use of intoxicating liquors, and that he refrain from operating a motor vehicle during the two-year term of probation.

On January 7, 1949, an affidavit was filed in the superior court alleging that he had violated the terms of his probation by driving a motor vehicle without a driver's license and while his license to drive was revoked, and that he had failed to make a boulevard stop. The court issued a bench warrant for his arrest, and a hearing was had on January 8, 1949. After hearing evidence, both for the People and the petitioner, the court made an order finding the allegations of this affidavit to be true, and further ordering that the probation theretofore granted to the petitioner be revoked. Thereupon, and on the same day, the court pronounced judgment sentencing him to imprisonment in the county jail for one year, with the further provision that the last six months of that term be suspended.

On January 13, 1949, a petition for a writ of habeas corpus was filed, alleging that the detention and imprisonment of the petitioner was illegal in that the court was without jurisdiction to issue its order of commitment because the court or the clerk had failed, prior to making the order revoking probation and pronouncing judgment, to notify the probation officer in writing of the court's intention to revoke, modify or change the order of probation theretofore made. A preliminary writ was issued and a hearing was had on January 15, 1949. On January 25, 1949, an order was entered finding that no written notice was given by the court or clerk to the probation officer, as provided by section 1203.3 of the Penal Code, granting the petition for a writ of habeas corpus, and ordering that the petitioner be discharged. In an opinion filed, the court expressed the opinion "that in all cases no order can be made revoking, modifying or changing a prior order of probation, unless prior thereto, notice is given to the probation officer of the intention to revoke, modify or change." This appeal followed.

■ The sole question presented is whether written notice to the probation officer, pursuant to section 1203.3 of the Penal Code, was essential in such a case as this before the court could revoke a prior order granting probation and proceed to pronounce judgment, as was here done.

The probation here granted was terminated and judgment was pronounced pursuant to the provisions of section 1203.2 of the Penal Code, which provide that the court may issue a warrant for the rearrest of a probationer; that it may thereupon revoke and terminate such probation if it shall have reason to believe from the report of the probation officer, or otherwise, that any of the conditions of probation are being violated; and that the court may, upon such revocation and termination, proceed to pronounce judgment. The question presented is whether this action by the court, authorized by section 1203.2, was void because the notice called for by section 1203.3 was not given. Section 1203.3 reads:

"The court shall have authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence. It may at any time when the ends of justice will be subserved thereby, and when the good conduct and reform of the person so held on probation shall warrant it, terminate the period of probation and discharge the person so held, but no such order shall be made without written notice first given by the court or the clerk thereof to the proper probation officer of the intention to revoke, modify, or change its order, and in all cases, if the court has not seen fit to revoke the order of probation and impose sentence or pronounce judgment, the defendant shall at the end of the term of probation or any extension thereof, be by the court discharged subject to the provisions of these sections."

For many years these two sections were included among the subdivisions of one section (1203). In 1935, they were made separate sections of the code. For some 40 years these provisions have remained substantially the same except that in 1917 the provision for notice to the probation officer was inserted in the second sentence of what is now section 1203.3 and, in 1927, what is now section 1203.2 was amended to permit a rearrest, without warrant, by any peace officer as well as by a probation officer.

The respondent argues that section 1203.2 is a mere grant of authority to a court to revoke and terminate probation and proceed to enforce judgment where a violation of proba-

tion is found, without purporting to provide the necessary procedure therefor. And that section 1203.3 is intended to provide the necessary procedure that must be followed in exercising the authority granted by section 1203.2.

We are unable to agree with this interpretation of these statutes, which appear to us to have been adopted for separate and distinct purposes. Section 1203.2 provides for and covers one situation, namely, where a probationer is rearrested because of a claimed violation of the terms of his probation. That section provides that the court may thereupon revoke and terminate his probation if it has reason to believe from the report of the probation officer, or otherwise, that the terms of the probation have been violated, and may then proceed to enforce the judgment. This appears to be sufficient not only as a grant of power in this regard but as adequately pointing out the procedure to be followed. The statute appears to be complete in itself, it is quite definite in what may be done under those circumstances, and it requires no notice to the probation officer who may not have initiated the proceedings.

On the other hand, section 1203.3 seems to cover another situation entirely, and to provide for revocation, modification or termination of the original order in cases where the probationer has not been rearrested. In the first sentence it gives the court general power at any time within the period to revoke, modify or change its probation order. The second sentence originally authorized the court, when the good conduct of the probationer should warrant it, to terminate the probation and discharge the person so held; with the further provision that in all cases where probation was not revoked and the judgment enforced, the defendant should be discharged at the end of the probationary period. The provision for notice to the probation officer was inserted in 1917 in the middle of this second sentence and immediately following the provision for termination and discharge because of good conduct. The provision that ''no such order shall be made without written notice'' would seem to have been intended to refer to the order of termination and *discharge* just provided for, and not to the other kind of order for termination and enforcement of judgment provided for in section 1203.2.

Section 1203.3 seems to have been intended, primarily, to deal with cases where the defendant has satisfied the terms of his probation, in whole or in part. (*People* v. *Williams,* 24 Cal.2d 848 [151 P.2d 244].) While it may also be intended

to cover the revocation, modification or change of the probation order upon other grounds and for other purposes, it rather clearly appears that this wide coverage was intended to apply to situations other than those involving the rearrest of the person, and the enforcement of judgment against him. Those more drastic steps are authorized by and completely covered in section 1203.2. Even if the notice requirement in the second sentence of 1203.3 should be held applicable also to the first sentence thereof, it has no application in the situation covered by 1203.2.

Incidentally, the original order of probation was here made without reference to the probation officer, as permitted by section 1203b. While we do not regard this as controlling here it emphasizes the fact that there is good reason for not requiring a notice to the probation officer in such a case as this.

We conclude that the order of the court terminating probation and sentencing the petitioner was a valid order, and that no such notice as that contended for was necessary before that order could be made.

The order appealed from is reversed.

Mussell, J., concurred.