[Crim. No. 2679. First Dist., Div. Two. Aug. 21, 1950.]

THE PEOPLE, Respondent, v. ALBERT HAYDEN, Appellant.

Arthur D. Klang and Morris M. Grupp for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Frank Brown, Assistant District Attorney, for Respondent.

DOOLING, J.—Defendant appeals from the judgment of the Superior Court sentencing him to the state penitentiary after an order revoking his probation. Appellant pleaded guilty to a charge of conspiracy to commit abortion and was placed on probation for five years on condition that he serve one year in the county jail. Before the year had expired on the court's own motion proceedings were instituted to revoke his probation.

Appellant was brought before the judge on March 16, 1950, and requested a continuance until his attorney could be present which was granted to a later time the same day. With counsel representing him present appellant was interrogated by the judge and answered freely without any legal objection being interposed by his counsel. It developed from his own admission that on at least one occasion while working in the custody of a deputy sheriff he persuaded the deputy to allow him to leave his custody and drive from San Bruno to San Francisco in an automobile with his wife for a visit to his home.

The court then continued the matter for the investigation and report of the adult probation officer. At a later hearing the probation officer submitted a written report in which he recommended that probation be revoked and appellant sentenced. At that hearing counsel for appellant asked for an opportunity to read the probation officer's report and to interview certain witnesses. The judge stated: "Let me say this: On the statement that Mr. Albert Hayden made here on the

stand, in open court, there is sufficient—and we don't have to go beyond that—to verify and back up the recommendations of the Probation Officer in the matter, and to convince the Court that in this case such was the situation.''

The court without further hearing revoked the order of probation and sentenced appellant.

■ Appellant urges for reversal that no notice in writing of the intention to revoke probation was given to the probation officer as required by section 1203.3 Penal Code. The law does not require idle acts. The probation officer was present in court on the original hearing and at the request of the court made an investigation and report in which he recommended that probation be revoked. The purpose of the requirement of written notice to the probation officer, if it applies to an order of revocation (see *In re Walden,* 92 Cal.App.2d 861, 864 [208 P.2d 441]), is to give the probation officer the opportunity to be heard before the court acts. He had and exercised that opportunity in this case.

■ There is nothing in the point that appellant was compelled to testify against himself. Appellant was not compelled to testify. With counsel representing him present he answered the court's questions without any objection. Nor can appellant show prejudice from the fact that he was not allowed to examine the report or refute it by witnesses. The court chose to act, not on the report, but on the defendant's own admission that in violation of the condition of his probation he took a trip from San Bruno to San Francisco and back without being in the custody of any officer. Nothing that appellant might produce could alter this fact. We can find no abuse of discretion in the court's action in revoking his probation and sentencing appellant. ■ A proceeding to revoke probation is not a formal trial and is not governed by the rules governing such trials. (*People* v. *Fields,* 131 Cal.App. 56 [20 P.2d 988]; *People* v. *Silverman,* 33 Cal.App.2d 1 [92 P.2d 507]; *In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585].)

The fact that appellant had spent nearly a year in jail is a matter for the exclusive consideration of the Adult Authority. (*People* v. *Tibbits,* 60 Cal.App.2d 335, 338 [140 P.2d 726].)

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied September 5, 1950, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1950.