[Crim. No. 5222.  In Bank.  Oct. 26, 1951.]

In re BRUCE DAVIS, on Habeas Corpus.

Bruce Davis, in pro. per., and C. K. Curtright, under appointment by the Supreme Court, for Petitioner.

Edmund G. Brown, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

SCHAUER, J.—Petitioner, by application for the writ of habeas corpus, asks that we declare that his confinement under a 1944 judgment of conviction of forgery is illegal and that he can be held only under certain 1948 judgments not here attacked. He urges that the 1944 judgment is invalid because he was only 18 years of age at the time of his arrest on the charge which resulted in that judgment and he was not referred to the Youth Authority pursuant to the requirements of section 1731.5 of the Welfare and Institutions Code as it then read. The problems raised by this contention are disposed of in our opinion in *In re McInturff, post*, p. 876 [236 P.2d 574]. Petitioner further urges that imprisonment under the 1944 judgment became illegal because his probation was revoked without prior notice and hearing. For the reasons hereinafter expressed we have concluded that his imprisonment is not illegal because of the lack of such notice and hearing.

Petitioner pleaded guilty to the 1944 charge of forgery. He was arraigned for judgment and sentenced to state prison for the term prescribed by law. Execution of sentence was suspended for five years and probation granted. In August, 1945, the superior court made its order revoking probation; the declared ground is that "it appears to the satisfaction of this court, by competent evidence offered this day that the above-named defendant has breached and violated . . . [the] terms and conditions of the order of probation above referred to."[1]. At the same time the trial court issued its warrant for petitioner's arrest. Petitioner was arrested by police officers and without notice or hearing concerning revocation of probation he was taken to San Quentin. There he learned that his probation had been revoked and that he was being held under the 1944 judgment.

We are satisfied that there is neither a constitutional nor a statutory right to notice and hearing preceding revocation of probation. The federal Constitution does not give such a right. (*Escoe* v. *Zerbst* (1935), 295 U.S. 490, 492 [55 S.Ct. 818, 79 L.Ed. 1566].) And we do not believe that section 13 of article I of our state Constitution[2] should be held to give

[1]Petitioner has not shown that this recital is incorrect.
[2]That section provides, in material part, that "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf, and to appear and defend, in person and with counsel. No person shall be . . . deprived of life, liberty, or property without due process of law. . . ."

petitioner a greater right in this respect than he is accorded under the federal Constitution, for under our law, as under the federal law, probation is not a right but a privilege (see *People* v. *Williams* (1944), 24 Cal.2d 848, 855 [151 P.2d 244]; *Escoe* v. *Zerbst, supra*). Unlike the federal statute, which contains the mandatory provision that a rearrested probationer "shall" be taken before the court (18 U.S.C.A. § 3653; *Escoe* v. *Zerbst, supra,* p. 493 of 295 U.S.), our statute provides that he "may" be taken before the court (Pen. Code, § 1203.2).

The following cases support our conclusion: *People* v. *O'Donnell* (1918), 37 Cal.App. 192, 196 [174 P. 102]; *People* v. *Sanders* (1923), 64 Cal.App. 1, 4 [220 P. 24]; *In re Young* (1932), 121 Cal.App. 711, 713 [10 P.2d 154]; *People* v. *Blankenship* (1936), 16 Cal.App.2d 606, 609 [61 P.2d 352]; *People* v. *Hunter* (1940), 42 Cal.App.2d 87, 91 [108 P.2d 472]; *People* v. *Tibbits* (1943), 60 Cal.App.2d 335, 337 [140 P.2d 726]; *People* v. *Scott* (1946), 74 Cal.App.2d 782, 784 [169 P.2d 970]; *In re Dearo* (1950), 96 Cal.App.2d 141, 143 [214 P.2d 585]; *cf. People* v. *Fields* (1933), 131 Cal.App. 56 [20 P.2d 988]. See, also, *People* v. *Silverman* (1939), 33 Cal.App. 2d 1, 5 [92 P.2d 507]; *People* v. *Fields* (1948), 88 Cal.App.2d 30, 33 [198 P.2d 104]. *In re Cook* (1944), 67 Cal.App.2d 20, 26 [153 P.2d 578], insofar as it is inconsistent with our conclusion, is disapproved.

We recognize that the courts of other states are not in accord as to whether notice and hearing must precede revocation of probation. (See 54 A.L.R. 1471; 132 A.L.R. 1248.) Since the question largely depends upon the construction of the statutes relative to probation, many of the cases from other states are not in point. And the decisions of state courts which purport to find a right to notice and hearing granted by the requirement of due process are contrary to the decision of the United States Supreme Court in *Escoe* v. *Zerbst* (1935), *supra,* 295 U.S. 490. For a more detailed discussion of opposing views in the matter reference is made to both the majority and dissenting opinions in the case of *In re Dearo* (1950), *supra,* 96 Cal.App.2d 141. We are satisfied that neither the Constitution of the United States nor that of California precludes ex parte revocation of probation.

We have also concluded that, in the absence of express statutory procedural regulations, the administration of justice

is better served by permitting ex parte revocation of probation than by absolutely requiring notice and hearing. Factual situations presented in *People* v. *Williams* (1944), *supra,* 24 Cal.2d 848, and *People* v. *O'Donnell* (1918), *supra,* 37 Cal. App. 192, illustrate the evils which could accrue from that requirement. In such cases, if notice and opportunity to be heard were required, a probationer who was imprisoned in another state or who evaded arrest or service of notice until the period of his probation had expired would pass beyond the jurisdiction of the court to impose sentence or to require execution of a previously suspended sentence, even though he had shown that he was not a fit subject for probation.

■ This is not to say that one whose probation was revoked for no reason, or for an arbitrary reason despite his fulfillment of its terms, is without remedy. If the order of revocation is made in a case where imposition of sentence had been suspended, the validity of the order can be reviewed on appeal from the ensuing judgment of conviction; such judgment can be pronounced only after defendant is present and arraigned (Pen. Code, § 1200). (See *People* v. *Perkins* (1951), *ante,* p. 62 [230 P.2d 353] ; *People* v. *Hayden* (1950), 99 Cal.App.2d 97 [221 P.2d 221] ; *People* v. *Merrill* (1951), 104 Cal.App.2d 257, 266-267 [231 P.2d 573] ; *People* v. *Young,* (1951), 105 Cal.App.2d 612, 613 [233 P.2d 155].) If the order of revocation is made in a case such as the present, its validity can be reviewed (on timely application) by habeas corpus, which should be first sought from the revoking court. "It is generally recognized by the authorities that while revocation is largely a discretionary matter, the rights of the individual are adequately protected by the availability of habeas corpus to redress wholly arbitrary conduct on the part of the revoking official. (See *In re Cook, supra* [p. 26 of 67 Cal.App. 2d].)" (*In re Dearo* (1950), *supra,* p. 144 of 96 Cal.App.2d; see, also, *In re Walden* (1949), 92 Cal.App.2d 861 [208 P.2d 441], where the contention that revocation of probation was void for want of compliance with a statutory requirement was rejected on the merits, in a habeas corpus proceeding, without discussion of the availability of the remedy.) ■ Although petitioner has alleged that while on probation he was arrested arbitrarily, he has not alleged or shown that the order of revocation was arbitrary.

For the reasons above stated the order to show cause hereto-

fore issued is discharged and the application for habeas corpus is denied.

Gibson, C. J., Shenk, J., Edmonds, J., and Traynor, J., concurred.

Spence, J., concurred in the judgment.

CARTER, J.—I dissent insofar as the opinion turns upon *In re McInturff*, this page.

The opinion and judgment were modified to read as above printed on November 1, 1951.