Marvin MILLER aka Marvin James Miller, Petitioner,

v.

E. J. OBERHAUSER and/or R. W. Wood, Respondent.

No. 17411.

United States Court of Appeals Ninth Circuit.

June 23, 1961.

Marvin Miller, in pro. per.

No appearance for respondent.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

OPINION AND ORDER.

Petitioner has filed a "Petition for a Writ of Habeas Corpus," consisting of thirty-eight pages. It is preceded by twenty-eight pages of a "preface," and fifteen pages of "authorities." It incorporates by reference the following:

*Appendix A*—What purports to be a true copy of a judgment of the Superior Court of the State of California, in and for the County of San Bernardino, entered in minutes on February 17, 1960, sentencing petitioner for arson.

*Appendix B*—What purports to be a true copy of a judgment of the Superior Court of the State of California, in and for the County of Los Angeles, dated April 21, 1960, revoking petitioner's probation previously granted on December 23, 1958, to his conviction based on pleas of guilty by petitioner to charges of grand theft (Sec. 487, subd. 1, Penal Code of California) and violation of Section 3020(a) of the Corporation Code of California.

*Appendix C*—A ninety-nine page "brief" and argument, containing five "Points":

■ I. That the conviction was obtained by deceit, fraud, collusion, and perjury.

This discussion goes to the weight of the evidence and is replete with unsubstantiated conclusions,[1] or misapprehensions of legal principles,[2] or discrepancies between testimony given at the preliminary hearing in the Municipal Court and the Superior Court trial.[3]

II. "A conspiracy existed to convict by fraud, innuendo, collusion, trickery and perjury." This charge is largely based on alleged conflicting testimony, such as, for example, whether one witness or another arrived first at a supposed meeting at George Air Base (Appendix C, pp. 21–29), and because an investigating officer from San Bernardino allegedly notified the Los Angeles Superior Court Probation Officer of petitioner's possible violation of probation.

■ III. Petitioner, on the witness stand as a witness on his own behalf, refused to answer a question (as to his whereabouts on the night of the fire) until he had "consulted" his attorney.[4] The trial court threatened defendant with contempt in the presence of the jury. (Appendix C, Transcript of Court Proceedings, pp. 54–55.) Petitioner charges this deprived him of his right to a fair trial.

There was little else the court could have done. But all this was considered on petitioner's appeal in the State courts.

■ IV. That the information filed was insufficient, and that "the State Appellate Court decision is obnoxious to the Constitution" and disregards other case law.

As we understand petitioner's argument[5] he was charged with a violation of California Penal Code Section 448a and convicted by a jury instructed with respect to a violation of California Penal Code Section 450a.[6] The jury was in-

---

1. Cf. Point I, p. 7, "All of these steps are patently irregular."

2. E.g., that a witness committed perjury as a matter of law, because when asked "Didn't you describe that vehicle * * * as light powder blue?" he answered: "I *believe* I said it could have been that, and that is what was wrote down there." Appendix C, Point I, p. 10. (Emphasis by petitioner.)

3. Appendix C, pp. 15–20.

4. "The defense was alibi," to quote petitioner.

5. The *first* part of petitioner's Point IV approaches the unintelligible. It reads:
"The the information filed by the District Attorney was insufficient as a matter of law, not alleging all ingredients which constitute the crime your petitioner was convicted of in that your petitioner was convicted of a charge that was never made in that the verdict is based upon a general verdict that the grounds upon which it may rest is invalid under the California and United States Constitutions."

6. "§ 450a. *Personal property with intent to defraud insurers; punishment*

"Any person who wilfully and with intent to injure or defraud the insurer sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any goods, wares, merchandise or other chattels or personal property of any kind, whether the property of himself or of another, which shall at any time be insured by any person or corporation against loss or damage by fire, shall upon conviction thereof, be sen-

structed with respect to a conspiracy to burn, or causing or aiding or procuring the burning, of insured personal property, whether owned by the actor or not, with intent to defraud.

This question was raised and carefully and correctly dealt with in the opinion rendered in the California Appellate Court (People v. Miller, 185 Cal.App.2d 59, 8 Cal.Rptr. 91; Key Digest points 30 to 34). Petitioner requested the instruction to which he now objects.

█ Petitioner also objects to his being questioned respecting a previous unrelated fire loss, had, and claim made, against an insurance company by a corporation of which petitioner had been president. Objection was made and the trial court overruled it on the theory of showing motive, permitting the answer on the basis of the rulings in People v. Bragdon, 1929, 103 Cal.App. 20, 24, 283 P. 881, 883, and People v. Miller, 1940, 41 Cal.App.2d 252, 256, 106 P.2d 239, 241. Each of these cases involved the precise question here under consideration—whether petitioner could be questioned about having previously collected insurance moneys after a fire, even though there was no evidence there had been

fraud in the previous fire. These cases hold such questions proper. And error, if any, in such ruling was open to attack by petitioner's appeal from his conviction.

█ V. That the District Attorney struck "foul blows" and was guilty of misconduct. A witness allegedly having observed the petitioner on the night of the fire had described him as "Portuguese or Jewish" on Exhibit 14 before the trial court. Petitioner was asked:

"* * * one question concerning your nationality, merely because of the identification on this exhibit. Are you either Portuguese or Jewish? A. I am Jewish." (Tr. p. 947, l. 6–9.)

Petitioner claims this was "discriminatory" against his religion. Petitioner's reliance on this question and answer, is, in its context, patently absurd.

*Appendix D*—is incorporated with Appendixes A, B, C and D, described above, in support of petitioner's "Point VI," that § 1272, subd. 3 of the California Penal Code is unconstitutional,[7] as it relates to, and applies in conjunction with, § 1203.2a of the California Penal Code.[8]

---

tenced to the penitentiary for not less than one nor more than five years."

7. § 1272 reads, in pertinent part:
"* * * After conviction of an offense not punishable with death, a defendant who has appealed may be admitted to bail:
"1. As a matter of right, when the appeal is from a judgment imposing a fine only.
"2. As a matter of right, when the appeal is from a judgment imposing imprisonment in cases of misdemeanor.
"3. As a matter of discretion in all other cases."

8. § 1203.2a reads as follows, in pertinent part:
"If any defendant who has been released on probation is committed to a prison in this State for another offense, the court which released him on probation shall have jurisdiction to impose sentence, if no sentence has previously been imposed for the offense for which he was

granted probation, in the absence of the defendant.
"The probation officer may, upon learning of such defendant's imprisonment, and must within 30 days after being notified in writing by the defendant or his counsel, or the warden or superintendent or clerk of the prison in which the defendant is confined, report such commitment to the court which released the defendant on probation.
"Upon being informed by the probation officer of the defendant's confinement, or upon receipt from the warden, superintendent or clerk of any prison in this State of a certificate showing that the defendant is confined in prison, the court shall issue its commitment if sentence has previously been imposed, or shall impose sentence and issue its commitment if sentence has not previously been imposed, or shall make other final order terminating its jurisdiction over the defendant in the case in which the order of probation was made, and if no such order is made within 30 days after the court has

As we understand petitioner's argument on this point, he urges that his probation in Los Angeles County was granted on December 23, 1958, *with knowledge* of the charge of arson then pending against him in San Bernardino County, but such probation was revoked after his *conviction* on the arson charge. Petitioner blandly states "he did not violate the terms of his probation," because when probation was revoked his appeal from the arson conviction was still pending, and his conviction was not final.

■ Petitioner mistakes the law applicable to revocation of probation. Whether such conviction, even though not final, was a sufficient cause for revoking probation is largely and peculiarly a matter of discretion with the trial judge, under California law. In re Larsen, 1955, 44 Cal.2d 642, 283 P.2d 1043.

■ Probation in California may be revoked even though the accused has not violated the conditions thereof. People v. Martin, 1943, 58 Cal.App.2d 677, 137 P.2d 468; People v. Hunter, 1940, 42 Cal.App.2d 87, 108 P.2d 472.

■ Just as the court had the discretionary right to grant or fail to grant petitioner's probation on the grand theft charges because of the arson *charge*, and *before* conviction, so it had similar broad general discretion to revoke *after* the conviction. People v. Martin, supra; People v. Silverman, 1939, 33 Cal.App.2d 1, 92 P.2d 507. Cf. also Ex parte Dearo, 1950, 96 Cal.App.2d 141, 214 P.2d 585.

We find no merit in petitioner's Point VI.

This petition for a writ of habeas corpus is filed against the named Superintendent and/or the Acting Superintendent of the California Institution for Men at Chino, California, and is directed to the seven active judges of this court.

Petitioner is a State prisoner. He was convicted in a State court proceeding of the charge of arson. (Calif.Penal Code § 448a, a felony.) His petition shows the judgment of conviction below was affirmed by the California Appellate Court, Fourth Appellate District on September 29, 1960, in a carefully prepared opinion. Cf. 185 Cal.App.2d 59, 8 Cal.Rptr. 91 (October 18, 1960). A rehearing was denied unanimously on October 24, 1960. A hearing in the California Supreme Court was unanimously denied on November 23, 1960. An appeal to the Supreme Court of the United States was dismissed; and "treating the papers whereon the appeal * * * as a petition for [a] writ of *certiorari, certiorari* [was] denied" on March 20, 1961. Miller v. State, 365 U.S. 568, 81 S.Ct. 755, 5 L.Ed.2d 807.

Petitioner petitioned the Supreme Court of California for a writ of habeas corpus on April 10, 1961. This was denied without opinion on April 26, 1961.

Although presented to each of seven judges, a panel of this court was constituted, pursuant to our rules, to pass on the petition. Finding no merit therein, and because petitioner has disclosed no reason why his present petition should be granted, the petition for a writ of habeas corpus is denied, and dismissed.[9]

been notified as herein provided of the defendant's confinement, then the court shall be deprived thereafter of any jurisdiction over the defendant in the case on which he was granted probation."

9. We make this order despite petitioner's gross noncompliance with the rule that

such an application properly is to contain allegations of fact alone, and that legal arguments are not a proper part thereof. See Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632; State of Oregon ex rel. Sherwood v. Gladden, 9 Cir., 240 F.2d 910, 911.