[Crim. No. 2197.   Fourth Dist.   Dec. 27, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM K. HOWARD, Defendant and Appellant.

Sam L. Foster for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bradley A. Stoutt, Deputy Attorney General, for Plaintiff and Respondent.

FINLEY, J. pro tem.*—Appeal from the judgment of conviction on three counts of grand theft, based upon obtaining money by deceit and false pretenses, and from the order revoking probation.

Reversal is sought on the ground that appellant was not advised of his right to counsel and to remain silent prior to the making of admissions which were introduced into evidence at his trial.

Appellant was charged by information and pleaded not guilty to three counts of grand theft in violation of Penal Code, section 487. He was tried before a jury which, on January 12, 1959, returned a verdict of guilty on all three counts. On March 3, 1959, appellant was arraigned for pronounce-

_____
*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

ment of judgment, which was then withheld, and he was granted probation for a period of six years. No appeal from this order was taken. On December 5, 1961, his probation was revoked but he apparently could not be apprehended. On September 24, he was returned to court and sentenced on all three counts. On the same day he filed notice of appeal "from the judgment and order . . . entered on September 24, 1964. . . ."

By letter dated September 29, 1964, appellant was notified by the clerk of the trial court that the judgment had been entered on March 3, 1959 and that under rule 31 (a) of the Judicial Council Rules on Appeal, the notice came too late and was therefore marked "Received on September 24, 1964 but not filed." Appellant thereupon applied to this court for relief, presented in the form of a petition for a writ of habeas corpus, which was granted and the clerk of the trial court was ordered to file the notice of appeal.

The three counts upon which appellant was convicted arose out of his relationship with one Vera P. Koch, a widow, who was the complaining witness. She testified that upon his pretense that he loved her and wanted to marry her, she entrusted him with several sums of money totaling about $12,000 for specific purposes which appellant failed to perform but kept the money; that his pretenses that he loved her and wanted to and would marry her were false, for appellant was married and living with his wife, a fact which was unknown to the complaining witness.

Appellant contends his conviction must be reversed since no evidence establishes he was advised of his right to counsel and his right to remain silent before making the admissions to a police officer which were introduced into evidence at his trial. His position is that the rules announced in *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *People* v. *Roberts,* 63 Cal.2d 84 [45 Cal.Rptr. 155, 403 P.2d 411], apply here because the trial court suspended sentence and granted probation so "the case has not been finally decided."

Respondent contends (1) appellant is estopped from a review of the trial prior to the court's order granting him probation, and (2) the receipt into evidence of appellant's statements to the officer does not constitute error due to a failure to advise appellant of his constitutional rights to counsel and to remain silent.

Under section 1237 of the Penal Code, appellant could have challenged the merits of his conviction on an appeal from the order granting probation which is deemed to be a final judgment. (*People* v. *Bugg*, 204 Cal.App.2d 811, 814 [22 Cal.Rptr. 896].) Appellant's "acceptance of probation would not . . . prevent him from taking advantage of any error inhering in the judgment . . . but merely forecloses action based on errors committed at the trial which his acceptance of the benefits . . . estops him from reviewing." (*People* v. *Wilkins,* 169 Cal.App.2d 27, 34 [386 P.2d 540].) Since no appeal was taken within the allowable time from this order, appellant is now precluded from going behind the order granting probation. (*People* v. *Wilkins, supra.*)

In his notice of appeal, presented for filing on September 24, 1964, appellant purported to appeal from the order revoking probation but he did not raise the issue in his brief. The record shows that appellant violated the terms of his probation by failing to make restitution to Mrs. Koch and that he thereafter fled to Canada. Extradition was necessitated. Under such circumstances, it cannot be said that the court abused its discretion in revoking probation.

Since the appellant is precluded from now appealing on the merits of his conviction, the issue raised regarding *People* v. *Dorado* is moot.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.