**William King HOWARD, Petitioner,**

v.

**Walter E. CRAVEN, Warden, Respondent.**

**No. 69-219-AAH.**

United States District Court

C. D. California.

Nov. 18, 1969.

Roger S. Hanson, Woodland Hills, Cal., for petitioner.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jimmie E. Tinsley, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is presently incarcerated in the California State Prison at Represa, California, and was convicted on three counts of grand theft, Calif. Penal Code, § 487 (West, 1957). The jury rendered its verdict of guilty on all three counts, but the court suspended imposition of sentence and placed Petitioner on probation for a period of six years from March 3, 1959. He failed to appeal this order although entitled to do so under Calif. Penal Code, § 1237 (West, 1957).

On December 5, 1961, his probation was revoked and on September 24, 1964, Petitioner was sentenced on the three counts of grand theft to the term prescribed by law, one to 10 years. The trial court ordered that the sentence on each of the three counts should run consecutively.

Petitioner did appeal this 1964 judgment, but the conviction and sentence were affirmed. People v. Howard, 239 Cal.App.2d 75, 48 Cal.Rptr. 443 (1965). Since that affirmance by the California Court of Appeal, Petitioner has filed numerous petitions for writs of habeas corpus and a motion to vacate judgment and set aside the sentence in both the trial and appellate courts of California. All of these efforts to obtain post-conviction relief in the California courts have been denied. Thereafter, a petition for a writ of certiorari was filed in the Supreme Court of the United States and was denied, 393 U.S. 941, 89 S.Ct. 306, 21 L.Ed.2d 277 (1968).

In each of the five contentions urged as a basis for relief in this Court, Petitioner now asserts that his rights to due process and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution have been violated. In addition he contends that his Fourth Amendment rights were violated, his Sixth Amendment rights were violated, and that each such violation of the Federal Constitution was also a violation of the Constitution of the State of California.

The five contentions are summarized:

(1) That the granting of probation for six years and the imposition of confinement in the county jail for one

year as a condition of probation was in fact a sentencing under one alternative provision of Calif. Penal Code, § 489 (West, 1957), with the result that the trial court was thereby without authority or jurisdiction to later revoke probation and sentence Petitioner under the other alternative punishment provision of § 489.

(2) That the trial court acted without authority or jurisdiction when it failed to give Petitioner notice of the probation modification proceedings of May 17, 1961, and thereby Petitioner was denied due process since the trial court effectively prevented Petitioner from being present or seeking counsel.

(3) That the trial court acted in excess of its authority and jurisdiction on September 24, 1964, when it imposed separate and consecutive sentences for each of the three counts of grand theft.

(4) That the warrant for Petitioner's arrest was issued without probable cause and was defective in form.

(5) That a 1936 prior conviction, recently vacated by the United States District Court for the Western District of Missouri on April 1, 1969, deprived Petitioner of a fair trial when it was used to impeach Petitioner's testimony at his trial in 1958–59.

After reviewing the Petition for Writ of Habeas Corpus, the Supplement to Petition for Writ of Habeas Corpus of March 7, 1969, the Supplement to Petition for Writ of Habeas Corpus of April 10, 1969, the Response, the Traverse to the Response, and the arguments and authorities set forth by the parties, this Court is fully advised in the premises and determines that the Petition for Writ of Habeas Corpus should be denied for the reasons set forth herein.

■ Petitioner has failed to exhaust his state remedies as required by 28 U.S.C. § 2254(c) (Supp., 1967) since he has not given the California courts an opportunity to consider the merits of his contention that the use of the prior conviction at his trial deprived him of due process of law. Therefore, and since Petitioner has submitted several grounds together as one entire petition, he should be required to exhaust any adequate state remedies available to him before this Court should consider the merits of his contentions. Schiers v. People of State of California, 333 F.2d 173, 174 (9th Cir.1964).

■ Secondly, Petitioner cannot rely upon violations of the California Constitution since Federal habeas corpus lies only for Federal Constitutional violations. Gemmel v. Buckhoe, 358 F.2d 338, 341 (6th Cir. 1966), cert. denied, 385 U.S. 962, 87 S.Ct. 402, 17 L.Ed.2d 306 (1966), rehearing denied, 385 U.S. 1021, 87 S.Ct. 723, 17 L.Ed.2d 561 (1967). In a habeas corpus proceeding, a Federal Court will examine a state court's interpretation of its laws or constitution only where it is clearly shown that such State judicial interpretations violate fundamental rights guaranteed by the Constitution of the United States. 28 U.S.C. 2241(c) (1959).

■ Each of the first three grounds presented by Petitioner states in essence that the State trial court committed error in its orders granting probation, its subsequent revocation of probation, and its imposition of imprisonment for the term prescribed by law. Petitioner's argument is based upon whether the proceedings of the State trial court violated the orderly administration of justice as prescribed by the criminal statutes of the State of California. But matters relating to sentencing and serving of a sentence are governed by State law and do not raise a Federal constitutional question. Johnson v. Beto, 383 F.2d 197, 198 (5th Cir.1967); Burns v. Crouse, 339 F.2d 883 (10th Cir.1964), cert. denied, 380 U.S. 925, 85 S.Ct. 930, 13 L.Ed.2d 811 (1965); and Gurczynski v. Yeager, 339 F.2d 884, 885 (3rd Cir. 1964). Petitioner has failed to show that the circumstances surrounding his sentencing justify interference with the State judicial authorities.

In addition to the reasons already presented for denying this petition, and even assuming Petitioner had clearly established that this Court should assume jurisdiction of the present habeas corpus proceeding, the petition should be denied on the merits.

*First Contention*

■ Petitioner is in error when he contends he was sentenced under Calif. Penal Code, § 489 (West, 1957). He was not initially sentenced under this section but was granted probation under Calif. Penal Code, § 1203 (West, 1957). Section 1203.1 empowers the California trial courts to withhold pronouncement of judgment and grant probation, with the right as a condition thereof to impose imprisonment in the county jail for a period of time not exceeding the maximum time fixed by law (in this case 10 years):

> "The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, and upon such terms and conditions as it shall determine. The court, or judge thereof, in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case; * * *."

The United States Court of Appeals, Ninth Circuit, has aptly noted this provision and commented that "under California law jail detention may be ordered as a condition of probation (Calif. Penal Code, § 1203.1 (West, 1957)), and when so ordered it is not regarded as punishment; it is regarded as part and parcel of the supervised effort toward rehabilitation which probation constitutes." Petersen v. Dunbar, 355 F.2d 800, 802 (9th Cir.1966).

In addition, Calif. Penal Code, & 1203.1 (West, 1957) empowers the trial court to provide for restitution and reparations:

> "In all cases of probation the court is authorized to require as a condition of probation that the probationer go to work and earn money for the support of his dependents or to pay any fine imposed or reparation condition, to keep an account of his earnings, to report the same to the probation officer and apply such earnings as directed by the court."

When the trial court required Petitioner to make restitution, he had the right to refuse probation if he deemed the conditions too onerous, but Petitioner must have found the terms of probation reasonable because he accepted probation.

Subsequently, in 1964, when judgment was pronounced, Petitioner was sentenced under Calif. Penal Code, §§ 1203.2 and 489 (West, 1957). Section 1203.2 reads in part:

> "Upon such revocation and termination the court may, if the sentence has been suspended, pronounce judgment after said suspension of the sentence for any time within the longest period for which the defendant might have been sentenced, * * *."

Petitioner's contention that he was sentenced under both alternative provisions of Calif. Penal Code, § 489 (West, 1957) is entirely frivolous. The very fact that he raised this contention indicates that he has no understanding of the nature of the proceedings in which he was granted probation in 1959.

*Second Contention*

■ Petitioner's argument that the failure of the court to give him notice of the proceedings which modified his probation conditions and required him to make restitution constituted a denial of due process is without merit. Petitioner misunderstands the nature of a proceeding revoking probation. "A proceeding to revoke probation is not a formal trial and is not governed by the rules governing such trials." People v. Hayden, 99 Cal.App.2d 97, 99, 221 P.2d 221, 223

(1950). "There is neither a constitutional nor a statutory right to notice and hearing preceding revocation of probation," People v. Jennings, 129 Cal. App.2d 120, 122, 276 P.2d 124, 126 (1954). The court, during the term of probation, may modify its original order as to any condition previously imposed. Calif. Penal Code, § 1203.1 (West, 1957); People v. McClean, 130 Cal.App.2d 439, 444, 279 P.2d 87 (1955).

■ Notwithstanding the foregoing, we find that Petitioner must necessarily have had notice that the condition of probation requiring restitution could be and might be subsequently modified. This is made abundantly clear by the Court Reporter's Transcript entitled "Proceedings At Time of Pronouncement of Judgment", before the Honorable Carl B. Hillard, Judge of the Superior Court for the County of San Bernardino, March 3, 1959, covering the granting of probation:

"SIXTH (the court speaking to defendant) That you shall pay restitution to the County of San Bernardino through the Probation Office in the amount of $500.00 at the rate of $10.-00 per month; the first payment due thirty days after your release from custody.

"SEVENTH: That you shall cooperate with the Probation Officer and satisfy any civil judgments obtained as a result of this offense or in the event that no civil judgment is obtained that you shall cooperate with the Probation Office in establishing an equitable restitution.

"Do you understand the terms and conditions of probation, Mr. Howard?

"THE DEFENDANT: Yes.

"THE COURT: Do you accept them?

"THE DEFENDANT: Yes."

(Reporter's Transcript, People of the State of California v. William K. Howard, Cr. 12569, San Bernardino County Superior Court, Volume II, pg. 522)

Anyone, including Petitioner, would realize that the exact amount of $500.00 restitution which the trial court required Petitioner to pay to the County of San Bernardino was itself conditioned upon the victim's successfully obtaining a civil judgment against him.

It is clear that, in the event no such civil judgment was obtained, it would be necessary for the trial court and its agency, the Probation Office, to establish a new figure to effect equitable restitution. It cannot, then, be denied, that Petitioner must have known that if the civil action filed against him in February of 1958 (Petition, Exhibit "C") did not conclude with a judgment in an equitable amount against Petitioner, the trial court would appropriately modify the condition of probation requiring the payment of such restitution as would insure that the figure paid was equitable in the circumstances.

*Third Contention*

■ Petitioner's claim that the court erred in imposing a consecutive sentence for each of the three counts of grand theft of which he was convicted by jury verdict on January 12, 1959, is without merit. Calif. Penal Code, § 669 (West, 1957), provides for the imposition of consecutive terms of imprisonment when a defendant is convicted of multiple offenses.

The jury convicted Petitioner of three separate crimes. The three counts of grand theft were not mere parts of one crime as Petitioner contends. Simply because the three counts were consolidated for purposes of trial they do not merge into a single criminal offense. Whether the sentencing on each conviction of multiple counts shall run concurrently or consecutively is a matter in the sole discretion of the trial court. If no such determination is made within the time allowed, the term of imprisonment on each of the second and additional counts is conclusively presumed to run concurrently with the term on the first count.

In the instant case the initial 1959 pronouncement of judgment was withheld and probation granted. In 1964, probation having been previously revoked, sentence was pronounced. It was for the trial court to determine, at this time, in what manner the several terms of imprisonment should run, and the court ordered them to run consecutively.

*Fourth Contention*

■ Petitioner's contention that the warrant for his arrest was issued without probable cause and was defective in form is without merit. It is a "settled proposition that defects in procedure in arrest are not grounds for discharge under habeas corpus." Fernandez v. Klinger, 346 F.2d 210, 211–212 (9th Cir. 1965), cert. denied, 382 U.S. 895, 86 S. Ct. 191, 15 L.Ed.2d 152 (1965).

■ Further, Petitioner failed to appeal his conviction within the time allowed after the order granting probation in 1959. In People v. Howard, 239 Cal. App.2d 75, 77, 48 Cal.Rptr. 443, 444 (1965), which considered Petitioner's appeal from the 1964 pronouncement of judgment, the California Appellate Court stated: "Appellant's 'acceptance of probation would not * * * prevent him from taking advantage of any error inhering in the judgment * * * but merely forecloses action based on errors committed at the trial which his acceptance of the benefits * * * estops him from reviewing.' (People v. Wilkins, 169 Cal.App.2d 27, 34, 336 P.2d 540, 544.) Since no appeal was taken within the allowable time from this order, appellant is now precluded from going behind the order granting probation. (People v. Wilkins, supra.)" See also, People v. Gonzales, 68 Cal.2d 467, 470, 67 Cal.Rptr. 551, 439 P.2d 655 (1968).

*Fifth Contention*

Petitioner's final contention that use at trial of a prior 1936 conviction, subsequently vacated long after the trial, to impeach Petitioner deprived him of a fair trial is without merit. It is a fundamental principle of evidence that the character of any witness in a judicial proceeding may be impeached by the proof of the conviction of a single felony.

■ In the present case, Petitioner freely admitted that he had been convicted of two prior felonies in 1936 and 1950. Reporter's Transcript, Volume II, pp. 420–421. Even if the 1936 conviction had not been introduced, the credibility of Petitioner as a witness was effectively challenged and impeached by the 1950 conviction. Clearly he was not deprived of due process and a fair trial.

■ In addition, Petitioner should not be allowed to raise this contention, because, like the fourth contention, it is also based upon errors committed at the trial. His acceptance of the benefits of probation estops him from going behind the order granting probation. People v. Howard, 239 Cal.App.2d 75, 77, 48 Cal. Rptr. 443 (1965).

From the foregoing analysis it is clear that Petitioner's contentions are without merit. It is obvious that there are no grounds or reasons of any kind set forth to support the granting of a hearing or to support the issuance of a writ of habeas corpus.

Therefore, it is hereby ordered that the petition for writ of habeas corpus be, and the same is, denied.