FILED
United States Court of Appeals
Tenth Circuit

January 8, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER HOLYFIELD,

Defendant - Appellant.

No. 12-1004

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. Nos. 1:08-CV-02039-MSK and
1:00-CR-00439-MSK-MEH-4)**

---

Christopher Holyfield, Florence, Colorado, on the brief, Pro Se Defendant-Appellant.

John T. Carlson, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with him on the brief), Denver, Colorado, for Defendant-Appellant.

May E. Kim, Assistant United States Attorney (John F. Walsh, United States Attorney, and Patricia Davies, Assistant United States Attorney, on the brief), Denver, Colorado, for Plaintiff-Appellee.

---

Before **O'BRIEN**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I.  Introduction

Christopher Holyfield appeals the district court's denial of his 28 U.S.C. § 2255 motion for relief from judgment.  In his § 2255 motion, Holyfield asserted his counsel was constitutionally ineffective for failing to challenge on appeal the district court's use of a 1998 California conviction to sentence him to life imprisonment under the provisions of 21 U.S.C. § 841(b)(1)(A).  In particular, Holyfield contended his attorney should have argued his 1998 conviction was not final at the time Holyfield committed the instant violation of § 841(a)(1).  The district court did not err in denying Holyfield's motion for collateral relief.  When Holyfield violated § 841, the 1998 conviction was no longer subject to examination on direct appeal.  *United States v. Short*, 947 F.2d 1445, 1460 (10th Cir. 1991).  Thus, Holyfield committed a violation of § 841 after his 1998 conviction became final.  *Id.*  Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253[1] this court **affirms**.

## II.  Background

On December 15, 2002, a jury convicted Holyfield of conspiracy to distribute over fifty grams of crack cocaine and over five kilograms of powder cocaine, a violation of § 841(a)(1).  The district court sentenced Holyfield to life

---

[1]On May 21, 2012, this court granted Holyfield a certificate of appealability "to address whether Holyfield committed a violation of § 841 before or after his 1998 conviction became final."

in prison, the mandatory minimum sentence applicable when a defendant has two or more prior felony convictions that were final as of the time a defendant violates § 841. 21 U.S.C. § 841(b)(1)(A). Holyfield's prior convictions included an August 1993 California conviction for transporting cocaine and a July 1998 California conviction for possession of marijuana for sale. Holyfield appealed his sentence and this court affirmed. *United States v. Holyfield*, 481 F.3d 1260, 1263 (10th Cir. 2007). Holyfield's request for a writ of certiorari from the Supreme Court was subsequently denied. *Holyfield v. United States*, 552 U.S. 952, 952 (2007).

Holyfield thereafter filed a timely pro se motion under 28 U.S.C. § 2255, requesting that the district court vacate his sentence and resentence him without consideration of § 841(b)(1)(A)'s mandatory minimum. He argued, *inter alia*, that his 1993 California conviction was a misdemeanor conviction, not a felony, and that his 1998 California conviction was not final at the time he violated § 841. Thus, according to Holyfield, he lacked the necessary prior convictions for § 841(b)(1)(A)'s mandatory minimum to apply. Furthermore, Holyfield asserted his failure to raise this issue on appeal was excused by appellate counsel's ineffective assistance. *See Ellis v. Hargett*, 302 F.3d 1182, 1186-87 (10th Cir. 2002).

The district court concluded Holyfield's arguments were without merit and denied his § 2255 motion. With respect to Holyfield's 1998 California conviction

specifically, the district court relied on *Short*, concluding *Short* stood for the proposition that a felony conviction is final for purposes of § 841(b)(1)(A) when the conviction is no longer subject to examination on direct appeal.[2]

## III.  Analysis

Section § 841(b)(1)(A) provides that "[i]f any person commits a violation of [§ 841] *after* two or more prior convictions for a felony drug offense *have become final*, such person shall be sentenced to a mandatory term of life imprisonment without release."  (emphasis added).  Whether a conviction is final under § 841(b)(1)(A) is a question of federal law, *Short*, 947 F.2d at 1460, reviewed de novo.  *United States v. Beckstrom*, 647 F.3d 1012, 1017 (10th Cir. 2011).  Like the district court, we review the merits of this issue in order to resolve Holyfield's claim of ineffective assistance.  *Ellis*, 302 F.3d at 1186.

In *Short*, this court held "a sentence is final for purposes of § 841 when the conviction is no longer subject to examination on direct appeal, or when reduction to a misdemeanor through the revocation of probation is no longer possible."  947 F.2d at 1460 (citation omitted).  While this court's decision in *Short* is not a model of clarity, it is clear the conviction at issue in *Short* was final because it was no longer subject to examination on direct appeal.  *Id.*

---

[2]This court previously denied Holyfield's request for a certificate of appealability with respect to whether his 1993 California conviction constituted a prior felony conviction under § 841.

Short was arrested in August 1989 for a federal drug offense in violation of § 841. *Id.* at 1447. In June 1988, he had pleaded guilty "to possession of cocaine, a third-degree felony under Utah law." *Id.* at 1459. The government argued Short committed the § 841 violation after his Utah conviction became final and, therefore, the mandatory minimum sentence under § 841(b)(1)(A) applied. *Id.*

This court noted that "the Utah law under which [Short] pleaded guilty provide[d] a felony conviction is converted to a misdemeanor if a defendant successfully completes probation." *Id.* This court acknowledged Short was still on probation for the Utah conviction when he was arrested for the § 841 violation. *Id.* His probation was not revoked until he was convicted of the § 841 violation. *Id.* Thus, it was only when Short was convicted of the § 841 violation that "his Utah felony was no longer capable of being converted into a misdemeanor." *Id.* at 1460.

This court also noted that under the Utah Rules of Criminal Procedure, "'all appeals in criminal cases shall be taken within 30 days after the entry of the judgment appealed from.'" *Id.* at 1460 n.9 (quoting Utah R. Crim. P. 26(4)(a)) (alteration omitted). This court determined that because Short's time for appealing his Utah felony conviction expired before he committed the § 841 violation, his "Utah felony conviction was final." *Id.* at 1460 & n.9. In other words, Short's prior conviction became final before he committed the § 841

violation because the prior conviction was "no longer subject to examination on direct appeal" by the time the § 841 violation occurred. *See id.* at 1460.[3]

The conspiracy that gave rise to Holyfield's conviction under § 841 ran from October 1996 through September 2000. The prior felony conviction at issue occurred in July 1998, when Holyfield pleaded guilty to illegal marijuana possession in California state court. The California court suspended imposition of Holyfield's sentence and placed him on probation. Pursuant to the terms of that probation, there was a possibility Holyfield's felony conviction would be reduced to a misdemeanor at some point during his probation. Cal. Penal Code § 1203.3(b)(1)(B). Like in *Short*, Holyfield was still on probation in connection with his 1998 California conviction when he committed the instant violation of § 841. Also like in *Short*, his probation was revoked by the time he was

---

[3]Other circuits have stated an identical rule in cases involving deferred action. *See, e.g.*, *United States v. Maxon*, 339 F.3d 656, 658-59 (8th Cir. 2003) (holding a prior North Dakota conviction was final before the defendant committed a violation of § 841, even though the prior conviction was not yet final under North Dakota law, because the time for direct appeal of the prior conviction had passed when the defendant committed the federal offense); *United States v. Vasquez*, 298 F.3d 354, 358-59 (5th Cir. 2002) (holding a prior conviction was final for purposes of § 841(b)(1)(A) because the time for seeking direct appellate review had elapsed); *United States v. Meraz*, 998 F.2d 182, 184 (3d Cir. 1993) (holding a prior New Mexico conviction was final under § 841(b)(1)(A) because it was no longer subject to attack on direct appeal); *United States v. Campbell*, 980 F.2d 245, 249-50 (4th Cir. 1992) (holding a sentence of probation, although not a final order of conviction under state law, was final for purposes of § 841(b)(1)(A)). Because the facts of this case do not implicate the issue, this court offers no opinion as to whether a prior felony conviction that has been reduced to a misdemeanor before the violation of § 841 occurs is considered a "prior conviction[] for a felony" for purposes of § 841(b)(1)(A).

convicted of the instant violation of § 841.[4]  Furthermore, the time for appealing

Holyfield's 1998 conviction had passed by the time he committed the violation of

§ 841.

The California state court's act of placing Holyfield on probation and

suspending imposition of his sentence is deemed a final judgment for purposes of

appeal.  Cal. Penal Code § 1237 (providing that an order granting probation "shall

be deemed to be a final judgment" for purposes of appeal); *id.* § 1203 ("As used

in this code, 'probation' means the suspension of the imposition or execution of a

sentence and the order of conditional and revocable release in the community

. . . ."); *People v. Mower*, 49 P.3d 1067, 1072 n.3 (Cal. 2002) ("What we treat as

the trial court's judgment was an order suspending imposition of sentence and

placing defendant on probation.  Such an order is deemed a judgment for the

limited purpose of appeal.").  Under California law, a defendant's failure to

timely appeal the order granting probation precludes him from later appealing

issues related to the underlying conviction.  *People v. Howard*, 48 Cal Rptr. 443,

444 (Cal. Dist. Ct. App. 1965) ("Since no appeal was taken within the allowable

time from this order [of probation], appellant is now precluded from going behind

the order granting probation."); *see also People v. Glaser*, 48 Cal. Rptr. 427, 429-

30 (Cal. Dist. Ct. App. 1965) (holding that "matters arising prior to

---

[4]On January 3, 2001, the California state court ordered Holyfield's
probation revoked.

-7-

pronouncement of judgment" must be reviewed during the time for appeal from the order granting probation and cannot be reviewed on a later appeal), *disapproved on other grounds in People v. Barnum*, 64 P.3d 788, 793-94 (Cal. 2003). Rule 8.308 of the California Rules of the Court requires that notice of a criminal appeal be filed within 60 days "after the rendition of the judgment or the making of the order being appealed."[5] Thus, as the district court concluded, Holyfield had until September 13, 1998, to appeal his 1998 conviction. Holyfield does not argue he timely appealed his conviction. Because the time for appealing his 1998 conviction had passed, the 1998 conviction was no longer subject to direct examination on appeal when the conspiracy that gave rise to Holyfield's conviction under § 841 ended.[6] Thus, Holyfield committed a violation of § 841 after his 1998 conviction became final.

## IV. Conclusion

Because *Short* is factually indistinguishable in all relevant respects from this case, it forecloses Holyfield's argument his 1988 conviction was not final at

---

[5]At the time Holyfield was convicted in 1998, the sixty-day time limit for filing a notice of appeal was found in Rule 31(d). The rule was renumbered effective January 1, 2007. The parties do not dispute the Rule's sixty-day provision governed.

[6]The district court concluded Holyfield's 1998 conviction was properly counted as a prior felony drug offense even though it became final during the course of the conspiracy charged in his federal case. Holyfield does not appeal that conclusion.

the time he committed the § 841 violation.[7]  This court therefore **affirms** the

district court's denial of Holyfield's motion for relief under 28 U.S.C. § 2255.

---

[7]*See FDIC v. Jennings*, 816 F.2d 1488, 1492 (10th Cir. 1987) (defining stare decisis as including "precedent in which a court has decided identical factual issues"); *accord Allegheny Gen. Hosp. v. NLRB*, 608 F.2d 965, 969-70 (3d Cir. 1979) ("The essence of the common law doctrine of precedent or [s]tare decisis is that the rule of the case creates a binding legal precept. . . . A judicial precedent attaches a specific legal consequence to a detailed set of facts in an adjudged case or judicial decision, which is then considered as furnishing the rule for the determination of a subsequent case involving identical or similar material facts and arising in the same court or a lower court in the judicial hierarchy."), *overruled on other grounds by Am. Hosp. Ass'n v. NLRB*, 499 U.S. 606, 615-20 (1991).