Filed 9/9/14  P. v. Hill CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN ANDREW HILL,<br><br>    Defendant and Appellant. | C074162<br><br>(Super. Ct. No. CM037702) |

Defendant Brian Andrew Hill pleaded no contest to second degree robbery.  (Pen. Code, § 211; unless otherwise noted, statutory citations that follow are to the Penal Code.)  The trial court imposed a five-year state prison sentence, suspended execution of sentence, and placed defendant on five years' formal probation.  Among the terms of probation were a $280 restitution fine (§ 1202.4, subd. (b)) and a $280 stayed probation revocation restitution fine (§ 1202.44).

1

After defendant later admitted to violating his probation, the trial court terminated probation, ordered execution of the five-year term, reimposed the $280 restitution fine, and ordered execution of the $280 probation revocation restitution fine.

On appeal, defendant contends the $280 restitution and probation revocation restitution fines constitute an impermissible ex post facto punishment. The Attorney General contends the trial court erroneously failed to impose a parole revocation restitution fine when it ordered execution of the five-year term. We shall modify the restitution and probation revocation restitution fines, impose and stay execution of a parole revocation fine, and affirm the judgment as modified.

FACTS AND PROCEEDINGS

On October 17, 2012, defendant and two cohorts attacked one of defendant's former roommates, William Johnson, as Johnson was trying to retrieve his belongings from defendant's garage. The assailants handcuffed Johnson and repeatedly asked him to turn over his methadone pills. When Johnson said he did not have any, one of the assailants stuck him with a hypodermic needle filled with cleaning fluid. They continued to hit him for six to eight hours and threatened to bury him if he called law enforcement. The assailants eventually took Johnson's cell phone, keys, and wallet and set him free.

At sentencing after defendant entered a no contest plea to second degree robbery, the trial court suspended execution of a state prison term, placed defendant on probation, and said the following regarding fines: "I'm not going to impose any fines under 654 of the California Penal Code. There is going to be a restitution fine. That's two hundred forty. Now is there any other type of fine I impose--a parole revocation fine since if they go to prison." The probation officer interjected, "Actually we just impose the 1202.45, that would be the probation revocation, then impose 1245 if they violate." The court replied, "Two hundred forty," and the probation officer said, "I believe it's two eighty right now, Your Honor." The trial court continued, "It's not two forty--they keep

2

jumping it up. The second one I said you don't have to pay as long as you comply with the terms and conditions of probation. It's only if you violate probation that it comes into play." The probation order reflects $280 restitution and stayed probation revocation restitution fines.

Defendant did not object to the fines and did not appeal from the probation order.

Later, when defendant was sentenced on the probation violation, the trial court reimposed the original $280 restitution fine and ordered execution of the suspended $280 probation revocation restitution fine without objection.

DISCUSSION

Defendant contends the $280 restitution and probation revocation restitution fines constitute ex post facto punishment. He claims the trial court intended to impose the minimum restitution fine when it placed him on probation. He points out the minimum restitution fine when he committed his crime in October 2012 was $240. (Former § 1202.4, subd. (b)(1).) The Legislature subsequently increased the minimum to $280, effective January 1, 2013. (§ 1202.4, subd. (b)(1).) Imposing the new minimum fine, defendant contends, is an impermissible ex post facto punishment.

There is an issue regarding our ability to address this error in this appeal. An order granting probation is an appealable order. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421 (*Ramirez*); *People v. Howard* (1965) 239 Cal.App.2d 75, 75-77.) Thus, defendant could have raised the ex post facto claim in an appeal from the grant of probation.

Defendant's appeal is from the second sentencing hearing, where the trial court executed the suspended prison term, reimposed the $280 restitution fine, and ordered execution of the $280 probation revocation fine. The restitution fine originally imposed upon the grant of probation remains in effect notwithstanding revocation of probation and execution of a previously suspended prison sentence. (*People v. Chambers* (1998)

3

65 Cal.App.4th 819, 823.) Since the trial court had no discretion to change the restitution or probation revocation fines, defendant's contention attacks only the validity of the order imposing those fines when defendant was placed on probation.

"[A] defendant who elects not to appeal an order granting . . . probation cannot raise claims of error with respect to the grant . . . of probation in a later appeal from a judgment following revocation of probation." (*Ramirez, supra*, 159 Cal.App.4th at p. 1421; *People v. Vest* (1974) 43 Cal.App.3d 728, 731 [same]; *People v. Glaser* (1965) 238 Cal.App.2d 819, 824 [if no appeal taken from order granting probation, a later appeal from judgment entered after revocation can only review fundamental jurisdictional defects].) Because defendant did not appeal from that order granting probation, we are normally without authority to reach this issue in this appeal.

Defendant points out an exception to this rule. "A matter normally not reviewable upon direct appeal, but which is shown by the appeal record to be vulnerable to habeas corpus proceedings based upon constitutional grounds may be considered upon direct appeal. [Citations.]" (*People v. Norwood* (1972) 26 Cal.App.3d 148, 152-153.) Failing to raise a constitutional issue, that is, an ex post facto objection to the fines when imposed at the first sentencing hearing was substandard representation by trial counsel that prejudiced defendant, rendering the fines vulnerable to collateral attack on habeas corpus.

There is another reason to address the ex post facto contention in this appeal. The Attorney General points out that the trial court failed to impose and stay a parole revocation restitution fine (§ 1202.45) when it ordered execution of the state prison sentence. Even when the trial court terminates probation and imposes a previously stayed prison sentence, it is still required to impose and stay a parole revocation restitution fine. (*People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255.) Failure to do so results in an unauthorized sentence correctable at any time. (*Ibid*.)

The parole revocation restitution fine must equal the restitution fine. (§ 1202.45.) If we do not address the ex post facto issue on the restitution fine, then we must

4

perpetuate the error of the initial sentencing court and allow a $280 parole revocation restitution fine to stand, even though the minimum fine in effect for defendant's offense is $240. This could also present problems on habeas corpus as a superior court would have to address whether to modify the stayed parole revocation restitution fine that had been affirmed by this court.

In light of these compelling interests, we address the ex post facto contention in this appeal.

A restitution fine is to be imposed under the law applicable at the time of the offense, not at the time of sentencing. (*People v. Souza* (2012) 54 Cal.4th 90, 143.) A fine that was properly imposed under the law at sentencing but improper under the law at the time of the offense violates ex post facto principles. (*Ibid.*; *People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31.)

The trial court intended to impose the minimum restitution fine at the initial sentencing, increasing the fine from the $240 minimum to $280 only after the probation officer wrongly said that the minimum fine as to this defendant was $280. Since the minimum restitution fine was $240 when defendant committed his crime, the $280 fine was an ex post facto punishment.

Having concluded that defendant's fines, as assessed in this matter, violate ex post facto principles, defendant contends, and the People agree, that if we find that defendant's failure to appeal from the original order of probation does not preclude him from raising the issue here, and even if we were to find that his failure to object to those fines at the time of the probation order forfeited a challenge to those fines on appeal, in failing to object to the amount of these fines at sentencing, that is, in allowing the imposition of fines that violated the constitutional prohibition against ex post facto punishment, defendant was denied the effective assistance of counsel.

" '[I]n order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was "deficient" because his "representation fell below

5

an objective standard of reasonableness . . . under prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693-694]; [*People v.*] *Ledesma* [(1987) 43 Cal.3d 171, 215-216].)  Second, he must also show prejudice flowing from counsel's performance or lack thereof.  (*Strickland*, *supra*, at pp. 691-692 [80 L.Ed.2d at pp. 695-696]; *Ledesma, supra*, at pp. 217-218.)  Prejudice is shown when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  (*In re Sixto* (1989) 48 Cal.3d 1247, 1257 [774 P.2d 164]; *Strickland, supra*, at p. 694 [80 L.Ed.2d at pp. 697-698].)'  (*People v. Jennings* (1991) 53 Cal.3d 334, 357 [807 P.2d 1009].)"  (*In re Avena* (1996) 12 Cal.4th 694, 721.)

"In evaluating a defendant's claim of deficient performance by counsel, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' [citations], and we accord great deference to counsel's tactical decisions.  [Citation.]  Were it otherwise, appellate courts would be required to engage in the ' "perilous process" ' of second-guessing counsel's trial strategy.  [Citation.]  Accordingly, a reviewing court will reverse a conviction on the ground of inadequate counsel 'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.' "  (*People v. Frye* (1998) 18 Cal.4th 894, 979-980.)

We conclude defendant suffered the ineffective assistance of counsel in counsel's failure to object to the imposition of the initial fines, a failure that could not have been based on any rational tactical decision, and that the trial court would only have imposed fines in the amount of $240 had counsel objected to the court's order at the time of sentencing.  Since the $280 restitution fine was an ex post facto violation, we shall modify the fine to the statutory minimum in effect when defendant committed his crime, $240.  The probation revocation restitution fine must equal the restitution fine, so we will

6

modify it to $240. Lastly, we shall impose and stay execution of a $240 parole revocation restitution fine.

DISPOSITION

The restitution fine (§ 1202.4, subd. (b)) and probation revocation restitution fines (§ 1202.44) are modified to $240. The judgment is further modified to impose a $240 parole revocation restitution fine (§ 1202.45) and stay execution of that fine pending successful completion of parole. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the modified judgment, and forward a certified copy to the Department of Corrections and Rehabilitation.


                                         HULL                , J.



We concur:



        NICHOLSON        , Acting P. J.



        MURRAY          , J.




7