EDWARDS, Senior Circuit Judge,
concurring:
The dissent is mistaken in suggesting that if the rationale or logic supporting a decision in one case is stated broadly enough to cover future cases not at issue, the latter cases are necessarily controlled by the earlier case. Were this the law, appellate decisionmaking would be a mischievous enterprise.
‡ ‡ ‡ ‡ $
It is well understood that “[t]he doctrine of stare decisis is of fundamental importance to the rule of law.” Welch v. Tex. Dep’t of Highways & Pub. Transp., 483 U.S. 468, 494, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). Stare decisis — to stand by things decided — embraces the principle that each judicial decision is a statement of law (or precedent) that may have binding force in future cases. “Stare decisis ... ‘promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.’ ” Hohn v. United States, 524 U.S. 236, 251, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998) (quoting Payne v. Tennessee, 501 U.S. 808, 827, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991)). “For judges, the most basic principle of jurisprudence is that we must act alike in all cases of like nature” because “[ijnconsis-tency is the antithesis of the rule of law.” LaShaum A. v. Barry, 87 F.3d 1389, 1393 (D.C.Cir.1996) (en banc) (internal quotation marks omitted).
*682 A judicial decision is viewed as “precedent” when it controls the disposition of a pending case. Whenever a court faces a situation in which a prior judicial decision has some similarity to a pending case, the judges must initially determine the rule established by the decision in the first case, limited by the context in which the judgment was reached. Then the judges must determine whether the rule of the prior case controls the disposition of the pending case. It is easy to subscribe to the goal of stare decisis. It is not always easy, however, to determine when a prior case qualifies as controlling precedent. See Jeremy Waldron, Stare Decisis and the Rule of Law: A Layered Approach, 111 Mich. L.Rev. 1 (2012) (discussing applications of stare decisis); Ruggero J. Aldisert, Precedent: ■ What It Is and What It Isn’t; When Do We Kiss It and When Do We Kill It?, 17 PeppeRDIne L.Rev. 605 (1990) (same). Nonetheless, there are several important principles that the courts routinely follow in determining the applicability of precedent to the cases before them.
First, “an issue of law must have been heard and decided” in the same or a higher court for a decision to have precedential value with respect to that issue. Gately v. Massachusetts, 2 F.3d 1221, 1226 (1st Cir.1993) (quoting EEOC v. Trabucco, 791 F.2d 1, 4 (1st Cir.1986)). Second, “if an issue is not argued, or though argued is ignored by the court, or is reserved, the decision does not constitute a precedent to be followed” with respect to that issue. Id. Third, a judicial decision “attaches a specific legal consequence to a detailed set of facts.” Allegheny Gen. Hosp. v. NLRB, 608 F.2d 965, 969-70 (3d Cir.1979). The decision “is then considered as furnishing the rule for the determination of a subsequent case involving identical or similar material facts.” Id.; see also United States v. Holyfield, 703 F.3d 1173, 1177 & n. 7 (10th Cir.2013) (citing Allegheny’s definition of precedent approvingly). Fourth, as Chief Justice Marshall explained in his seminal opinion in Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 5 L.Ed. 257 (1821):
It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.
Id. at 399 — 400.
This last precept — that the force of a general expression enunciated in a prior decision must be limited by reference to its specific context — is so firmly embedded in stare decisis jurisprudence that the Supreme Court has called it a “canon of unquestionable vitality.” Landgrafv. USI Film Prods., 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Indeed, the Court has said that it is the “duty” of judges “to restrict general expressions in opinions in earlier cases to their specific context.” Int’l Bhd. of Teamsters Local 309 v. Hanke, 339 U.S. 470, 480 n. 6, 70 S.Ct. 773, 94 L.Ed. 995 (1950) (plurality opinion) (emphasis added). See also, e.g., King v. Morton, 520 F.2d 1140, 1147 (D.C.Cir.1975) (“Chief Justice Marshall warned against basing decisions on bare general principles enunciated in other cases.... The simple words of the opinions [cited by appellant] are not as impor *683 tant as the contexts in which those cases were decided.”).
The obvious point is that the prece-dential value of a decision is defined by the context of the case from which it arose. If, in light of that context, the decided case is materially or meaningfully different from a superficially similar later case, the holding of the earlier case cannot control the latter.
Determining the proper scope of the rule of a prior decision can be controversial. In his illuminating article on “Stare Decisis and the Rule of Law,” Professor Waldron points out that “[l]egal realists and critics are fond of’ accusing judicial panels of formulating the rule of prior decisions as they see fit “in order to suit [their] own view[s] about how the case in front of [them] should be decided.” Wal-dron, supra, at 26. He urges that, to avoid this pitfall in decisionmaking, judicial panels should be ever mindful that the rule of law commands them to view precedent “in a responsible spirit of deference.” Id. I agree.
However, as Professor Waldron notes, the ascertainment of the rule of a prior case and the determination whether the prior ease constitutes a binding precedent that controls the disposition of a pending case are nuanced enterprises.
One case may seem superficially similar to another, but the judge[s on the second panel] may be convinced that there are differences that preclude simply subjecting a subsequent case to the same rule that decided the precedent case.... For example, a given statutory provision may apply properly to one case but not another, even though the second is superficially similar to the first; therefore, we “distinguish” the second case. And similarly, the rule that [the first panel] figured out as a basis for [its] decision in the precedent case may not apply to a subsequent case despite superficial similarities. There may be things about the second case that pose a distinct legal problem, which require a new and distinct law-like solution to be figured out by [the second panel] in the form of a rule.... To distinguish a case, then, is not just to “come up with” some difference. It is to show that the logic of what [the first panel] figured out does not, despite appearances, apply. It means pointing to some additional problematic feature of the subsequent case that requires additional figuring.
Id. at 25-26. Courts routinely follow these principles of precedent application. Looking to the context of the putative controlling decision — the facts, the statutory or constitutional provisions at issue, the arguments made by the parties and decided or reserved by the court, and the rationale underlying the decision — they determine whether the holding of an existing case controls the outcome of a pending case. See, e.g., Humphrey’s Executor v. United States, 295 U.S. 602, 626-28, 55 S.Ct. 869, 79 L.Ed. 1611 (1985) (distinguishing the pending case from the cited precedent because the situations were “so essentially unlike” each other); United States v. Thomas, 361 F.3d 653, 662-63 (D.C.Cir.2004) (applying precedent selectively to two defendants’ cases based on factual similarities and dissimilarities to the prior case), reinstated following vacatur sub nom. United States v. Cook, 161 Fed.Appx. 7 (D.C.Cir.2005).
* * * * * *
Here, the considerations guiding the application of precedent make clear that, although Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB, 564 F.3d 469 (D.C.Cir.2009), is “superficially similar” in some respects to the case presently before the court, it does not control the resolution of the legal question presented in this case. First, as Judge Griffith’s opinion explains, *684 the facts of Laurel Baye are very different from the facts of this case. And facts matter in determining the precedential value of a prior case. See, e.g., Armour & Co. v. Wantock, 323 U.S. 126, 132-33, 65 S.Ct. 165, 89 L.Ed. 118 (1944) (“[W]ords of our opinions are to be read in the light of the facts of the case under discussion.... General expressions transposed to other facts are often misleading.”). Second, just as significantly, Laurel Baye did not involve the statutory and regulatory provisions that are principally at issue in this ease. Finally, and most importantly, Laurel Baye did not in any way address the question of the deference due the Board’s construction of either the particular provisions of the statute at issue here or any other provisions of the Act. This appears to be because the Board never offered an interpretation of the Act for which deference was sought.
We face a very different situation in this case than the situation faced by the court in Laurel Baye. Here, the Board has offered a reasonable interpretation of statutory language in the Act — statutory language different from the statutory provisions at issue in Laurel Baye. And as Judge Griffith explains, the Board’s interpretation is one to which we must defer pursuant, to the firmly established principles enunciated by the Supreme Court in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Alternatively, as Judge Srinivasan contends, see SSC Mystic Operating Co. v. NLRB, No. 14-1045, 801 F.3d 302, 2015 WL 5474118 (D.C.Cir. September 18, 2015) (Srinivasan, J., concurring), we must defer to the Board because a court’s prior judicial construction of a statute does not trump an agency construction that is otherwise entitled to deference under Chevron unless “the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.” Natl Cable & Telecomms. Ass’n v. Brand X Internet Servs., 545 U.S. 967, 982, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005). Under either view, Laurel Baye is not binding precedent here because the relevant terms of the statute at issue in this case are unquestionably ambiguous.
In sum, the decision in Laurel Baye does not control the judgment in this case. This case poses what Professor Waldron would call a “distinct legal problem” that was neither raised by the parties nor addressed by the court in Laurel Baye. Consequently, “[a]ny observations [from that opinion] which could be regarded as having a bearing upon the question now before us would be taken out of their proper relation.” Wright v. United States, 302 U.S. 583, 593, 58 S.Ct. 395, 82 L.Ed. 439 (1938); see also Whitacre v. Davey, 890 F.2d 1168, 1172 (D.C.Cir.1989) (“We cannot count as controlling a decision that never touched upon the issue we confront” when that point “was simply not considered” in the prior case). The general expressions from Laurel Baye to which the dissent refers cannot be confused with binding precedent. To rely on these general expressions, taken from a case whose context is materially different from the case before us, flies in the face of the core principles of stare decisis. See Weyerhaeuser v. Hoyt, 219 U.S. 380, 394, 31 S.Ct. 300, 55 L.Ed. 258 (1911) (“[G]eneral language” used in a prior opinion should not be “separated from its context and disassociated from the issues which the case involved” and then given controlling weight.).
The dissent suggests that we have betrayed “the most important characteristic of a collegial appellate court” by failing to give “careful attention [and] respect” to the law of the circuit. It is hard to take this claim seriously because it is premised on misguided notions of stare decisis. I *685 therefore view the dissent’s unfortunate statement as nothing more than a poignant example of hyperbole.