Filed 11/9/15  P. v. Flemings CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEVIN FLEMINGS,<br><br>    Defendant and Appellant. | B261593<br><br>(Los Angeles County<br>Super. Ct. No. YA023926) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Pamela J. Voich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

_____

Kevin Flemings appeals the order denying his motion to vacate a judgment previously entered on his conviction pursuant to a plea agreement of one count of second degree robbery. (Pen. Code, § 211.) Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1995, defendant entered a plea agreement in which he pled no contest to one count of second degree robbery, and, in return, the People moved to strike a firearm enhancement allegation and a prior prison term allegation. The trial court accepted the plea agreement, imposed a five-year sentence which was suspended, and placed defendant on probation for three years, with the first year to be served in county jail. Defendant received custody credits of 217 days.

In September 2014, defendant filed a petition for writ of error corum nobis, arguing that the plea agreement was improper because he should not have been placed on probation. Upon the denial of his petition, defendant filed a petition for writ of mandate, seeking to overturn the trial court's ruling. We denied that petition in September 2014. (No. B258871.)

In December 2014, defendant filed a motion to vacate the judgment. He argued the trial court erred in dismissing the prior robbery conviction, striking the gun use allegation, and imposing probation. He sought to vacate the judgment and "enter into a new plea agreement." The trial court denied the motion, finding that it lacked merit, and that the court had "no jurisdiction to modify the sentence."

Defendant filed a timely notice of appeal. His attorney filed a *Wende*[1] brief, stating that she had thoroughly reviewed the record to determine whether it contained any arguable issues. We issued a letter directing counsel to send the record and a copy of the opening brief to defendant, and inviting defendant to submit a supplemental brief or letter. Defendant filed a supplemental brief, which we have read and considered.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

2

**DISCUSSION**

Defendant seeks to set aside the judgment and restore the "Status Quo Ante." We conclude he is not entitled to the requested relief.

Defendant argues that his plea bargain was defective because neither the trial court nor the prosecution had "the authority to offer [him] the deal." His contention, as we understand it, is that if the prior conviction and personal firearm use allegations were proven true at trial, he would have been ineligible for probation, and therefore the trial court lacked authority to strike the allegations and impose probation pursuant to the plea agreement.

We conclude the motion was properly denied. First, a trial court's power to dismiss an action includes the lesser power to strike factual allegations relevant to sentencing, such as allegations of prior felony convictions. (Pen. Code, § 1385; see *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 504.) Accordingly, the trial court was authorized to strike the prior conviction and personal firearm use allegations. Second, defendant does not explain why the granting of probation was prejudicial, or why he could not have raised these issues in a direct appeal from the judgment. He cites no legal or factual ground that could not have been raised when the judgment was entered. Because the time for filing a direct appeal from the judgment has long expired, the general doctrine of forfeiture applies. (See Pen. Code, § 1237.5 [procedural prerequisites for direct appeal from conviction on plea of no contest]; Cal. Rules of Court, rule 8.308 [time to appeal]; *People v. Howard* (1965) 239 Cal.App.2d 75, 77 [forfeiture doctrine].)

Finally, we turn to the *Wende* brief filed by defendant's attorney. Having reviewed the record, we are satisfied counsel has fully complied with her responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

3

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.

4